

IN THE DISTRICT COURT OF LOGAN COUNTY
STATE OF OKLAHOMA

```
STATE OF OKLAHOMA
LOGAN COUNTY SS
FILED FOR RECORD ON

2020 FEB 24  AM 11: 29

CHERYL SMITH
COURT CLERK

BY_____DEPUTY
```

TRENT NERE,                )
                           )
    Plaintiff,         )
                           )
v.                         )   Case No. CJ-2019-203
                           )
CITY OF CRESCENT,          )   JURY TRIAL DEMANDED
                           )
    Defendant.         )

## JOINT MOTION AND BRIEF FOR PROTECTIVE ORDER
## REGARDING CONFIDENTIAL DOCUMENTS

The parties in the above-referenced case desire to identify certain records and information in this case confidential, due to privacy and security concerns associated with the production of records and information. The parties jointly request that the Court enter the submitted Protective Order.

Respectfully submitted,

_____
Ambre C. Gooch, OBA No. 16586
Jordan L. Miller, OBA No. 30892
COLLINS, ZORN & WAGNER, P.C.
429 N.E. 50th, Second Floor
Oklahoma City, OK   73105
Telephone: (405) 524-2070
Facsimile: (405) 524-2078
E-mail:   acg@czwlaw.com
          jlm@czwlaw.com

ATTORNEYS FOR DEFENDANT
CITY OF CRESCENT

EXHIBIT 12

_[signature]_
D. Colby Addison, OBA #32718
Leah M. Roper, OBA #32107
THE CENTER FOR EMPLOYMENT LAW
1133 N. Portland Ave.
Oklahoma City, OK 73107
Telephone: (405) 252-1180
Leah@CenterForEmploymentLaw.Com
Colby@CenterForEmploymentLaw.Com
***Attorneys for Plaintiff***

## **CERTIFICATE OF SERVICE**

I hereby certify that on February 19, 2020 I sent the above and foregoing by U.S. mail, postage prepaid, to:

>Ambre C. Gooch, OBA No. 16586
>Jordan L. Miller, OBA No. 30892
>COLLINS, ZORN & WAGNER, P.C.
>429 N.E. 50th, Second Floor
>Oklahoma City, OK  73105
>Telephone: (405) 524-2070
>Facsimile: (405) 524-2078
>E-mail:   acg@czwlaw.com
>              jlm@czwlaw.com
>
>ATTORNEY FOR DEFENDANT
>CITY OF CRESCENT
>
>_[signature]_
>Leah M. Roper

### IN THE DISTRICT COURT OF LOGAN COUNTY
### STATE OF OKLAHOMA

TRENT NERE,

    Plaintiff,

v.

Case No.: CJ-2019-203

CITY OF CRESCENT,

    Defendant.

### PROTECTIVE ORDER

**PURSUANT TO APPLICATION AND FOR GOOD CAUSE,** this Court enters the following Protective Order governing confidential and private material obtained in this case.

1. The following, if obtained during the course of this litigation, are deemed private and confidential and subject to this Order:

    A. Medical, psychological or counseling records, and marital records related to any persons and the information contained in such records.

    B. Tax returns, pay records, loan applications, financial statements and W-2 forms related to the Plaintiff or any other persons and non-public financial records of the Defendant.

    C. Any documents showing salary, payroll, tax, insurance, benefit or retirement records, beneficiary designations or benefits.

      D.    For non-parties, performance appraisals, performance improvement plans and disciplinary records.

      E.    Social Security numbers and dates of birth of any persons shall be held confidential provided, however, that month and year of birth and last four digits of a social security number shall not be confidential.

      F.    The names of minor children or incompetent persons shall be confidential however such persons may be identified by initials.

      G.    Unlisted home addresses and unlisted home phone numbers and cell phone numbers, however the last four digits of a phone number shall not be confidential.

      H.    Educational records of any persons to the extent such records are covered by 20 U.S.C. § 1232g however the dates of attendance at a school, degrees obtained and dates of degrees shall not be confidential.

      I.    Trade secrets as defined by Oklahoma statutes.

2.    The confidential materials described above shall remain confidential and, absent permission by the Court, will be used only for the purpose of preparation and presentation of this case.

3.    Subject to special limitations on tax returns, non-public financial information, education records, marital records, medical, psychological and counseling records, and trade secrets, other confidential materials may be disclosed to:

      A.    The parties and insurance adjusters for the parties;

2

    B.    The attorneys for the parties and the attorneys' staff;

    C.    The Court, the Court's staff and the staff of the Court Clerk;

    D.    Any witness during the course of depositions;

    E.    Any court reporter or videographer;

    F.    Any person who is or reasonably may be expected to be a witness in this action, and

    G.    Any person who reasonably would need to see such materials in order give testimony or information related to the case, to form opinions or to serve as a consultant with regard to issues in the action.

4. In the case of tax returns, grade transcripts, marital records, medical, psychological or counseling records and trade secrets, the records or the contents thereof may be disclosed only to the following persons without leave of court:

    A.    The court, court clerk and staff of those entities;

    B.    Counsel for the parties;

    C.    Expert witnesses or consultants who are qualified to evaluate such records;

    D.    The person who is the subject of the records or the guardian of such person;

    E.    Court reporters; and

    F.    The ACCO-Sig litigation manager.

This Order shall not preclude either counsel from communicating a general assessment or analysis of the impact of the records or their contents or an assessment or analysis by their expert witness(es) to their

3

clients or insurance representatives for purposes of settlement discussion or case preparation.

5. In order to comply with HIPAA requirements and particularly 45 C.F.R. § 164.512(e)(v)(A), (B), a party receiving medical records must:

   A. Not use or disclose the protected health information for any purpose other than the litigation or proceeding for which such information was requested; and

   B. Must return such information to either the entity from which it was received, or the attorney of the party to whom it pertains or destroy the protected health information (including all copies made) which actions must be taken at the end of the litigation or proceeding.

6. In the case of disclosure of records or confidential information to persons who are potential witnesses as described in Par. 3(F) or (G), the disclosing party may not provide the potential witness with a copy of any confidential document but may show such document or orally share that information. Such persons must be advised that the information is subject to a confidentiality order and that such order applies to them. Such persons must be advised that they must maintain such information as confidential.

7. This Order shall extend Leave of Court to any party seeking to use any document or information that has been designated "Confidential" as an exhibit to any pleading, brief or other court filing to file said exhibit that contains "Confidential" information under seal. Only those portions of a document that must be filed under seal should be filed under seal. If,

4

however, a party files a brief, pleading or other court filing which contains substantial argument or information about that information which has been designated "Confidential," that party may either:

    a.    Redact all such personal identifier information, "Confidential" information or reference to information which has been designated "Confidential," and file a separate, unredacted, version of the brief, or

    b.    that party may, by separate motion, seek Leave of Court to file the entire brief, pleading or other court filing under seal. The party entitled to hold the information as confidential may waive the confidentiality of all or part of any otherwise confidential information or waive the requirement that any portion of information be filed under seal, however such waiver will not be implied but must be made expressly by the party.

8. Information that is confidential shall be marked confidential except that medical and counseling records, tax returns of individuals and educational records are confidential without further designation. Trade secrets shall be identified as trade secrets. A party may designate portions of depositions as confidential if it contains information designated as confidential by this Order and if such designation is made in writing within fifteen (15) days of the transmittal of the deposition transcript.

9. Disputes over whether material is confidential. Any party receiving information marked as confidential or a designation of deposition testimony may dispute the designation of confidentiality by sending a

written statement to the designating party. The written statement must identify what documents or testimony is disputed as confidential and it must be sent out within fifteen (15) days of the receipt of the designation of confidentiality. Thereafter, the party making the designation of confidentiality has the duty to meet and confer and, if no agreement can be reached, to file a motion asking for a determination of the confidential nature of the information which must be filed within thirty (30) days of the date when the objection to confidentiality is received. If no application is made, the material will cease to be confidential. If application is made, the material must be treated as confidential until the Court determines the matter.

10. Control and distribution of the information and/or documents subject to this Order shall be the responsibility of the attorneys of record.

11. Claims of Privilege or inadvertent disclosure of privileged or confidential material shall be controlled by the provisions of Rule 26.

12. This Order shall remain in force, including after the conclusion of litigation, unless and until it is modified by this Court.

13. Information filed of record or presented in open court ceases to be confidential when so filed or presented subject, however, to the right of either party to move separately for the sealing of such information or for its withdrawal from the public record.

14. The entry of this protective order does not constitute a determination that any materials designated as confidential are either relevant, admissible or subject to being produced during discovery. Each party

retains the right to make substantive objections to discovery requests other than those based on privacy or confidentiality.

15. This Order shall not affect or limit the presentation of evidence, including materials marked as confidential, during the trial of this action.

**SO ORDERED THIS \_\_\_ DAY OF _____, 2020.**

                                        **HONORABLE LOUIS A. DUEL**
                                        **JUDGE OF THE DISTRICT COURT**