˅   ⌀

IN THE DISTRICT COURT OF LOGAN COUNTY
STATE OF OKLAHOMA

STATE OF OKLAHOMA
LOGAN COUNTY SS
FILED FOR RECORD ON

2020 FEB 26   AM 10: 07

CHERYL SMITH
COURT CLERK

BY_____DEPUTY

TRENT NERE,                    )
                              )
        Plaintiff,            )
                              )
v.                            )        Case No. CJ-2019-203
                              )
CITY OF CRESCENT,             )        JURY TRIAL DEMANDED
                              )
        Defendant.            )

## DEFENDANT CITY OF CRESCENT'S MOTION TO COMPEL

This is an employment case filed by Plaintiff, a former Public Works Supervisor at the City

of Crescent ("City"), against his former employer the City of Crescent.   Plaintiff alleges that he

was terminated in violation of Oklahoma public policy.   The parties are engaged in discovery, but

Plaintiff has not fully responded to certain key discovery requests.   Defendant City of Crescent

therefore files this Motion to Compel Plaintiff to respond.   In support thereof, Defendant City

states as follows:

## I.  PREVIOUS RESIGNATIONS AND TERMINATIONS

On November 15, 2019, Defendant City submitted its first set of Interrogatories to Plaintiff.

(See Exhibit 1, City's First Interrogatories to Plaintiff).   In Interrogatory No. 13, Defendant asked

Plaintiff if he had ever been asked to resign from any employment or terminated from employment,

and if yes, to provide the name of the employer and position held at the time.   (See Exhibit 1,

Interrogatory No. 13). On January 6, 2020, Plaintiff objected, stating that the request had no

temporal limitation and asked about every employer of Plaintiff's entire life.   (See Exhibit 2,

Plaintiff's Responses to Defendant City's First Discovery Requests, Response to Interrogatory No.

13).   Then on January 17, 2020, Defendant City submitted a more narrowly tailored Interrogatory,

asking only for any terminations or resignations in the last 10 years.   (See Exhibit 3, Defendant

EXHIBIT 13

City's Second Set of Interrogatories to Plaintiff, Interrogatory No. 19).   In his Response submitted February 18, 2020, Plaintiff has now developed a new justification for refusing to answer, objecting in response, and stating that the request seeks irrelevant information that is not reasonably calculated to the discovery of admissible evidence.   (See Exhibit 4, Plaintiff's Response to Defendant City's Second Set of Interrogatories, Response to Interrogatory No. 19). Defendant respectfully disagrees.

In Oklahoma, the Courts have consistently made clear that discovery is broad.

Our discovery procedures are broad and, with certain limitations (see *Giles v. Doggett, Okl.*, 500 P.2d 574, 516, and cases there cited), it is not necessary that questions be limited to those which would be admissible in court. *State ex rel. Westerheide et al. v. Shilling, Judge*, 190 Okl. 305, 123 P.2d 674. Evidence which might lead to the disclosure of admissible evidence is discoverable

*Unit Rig & Equip. Co. v. East*, 1973 OK 100, 514 P.2d 396, 397; see also *YWCA of Oklahoma City v. Melson*, 1997 OK 81, 944 P.2d 304, 307 ("It is not a ground for objection that the information sought will be inadmissible at the trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence" (citing title 12, Okla. Stat. § 3226(B)(1).   Here, Plaintiff is alleging that he was terminated in violation of public policy.   He has a duty to mitigate his damages under Oklahoma law, and must make reasonable efforts to find comparable employment and minimize his damages.   (See OUJI 21.13).   Plaintiff's work history, including any prior resignations and terminations, is clearly relevant to Plaintiff's ability to find additional work, and thus his ability to mitigate his damages.   Certainly, at the very least, Plaintiff's work history might lead to the disclosure of admissible evidence, which makes it discoverable.   Frankly, this is not a particularly burdensome request.   Such questions of work history are commonly asked in discovery in employment cases.   The fact that Plaintiff first

2

objected on the grounds of an insufficient time limitation, and then objected further even once a time limitation was provided, shows that Plaintiff has no valid objection here. Plaintiff should be compelled to provide any resignations or terminations in at least the last ten years, and to provide the name and position which he held at the time of these resignations or terminations.

## II.   EMOTIONAL DISTRESS-MEDICAL PROVIDERS AND RELEASES

In Interrogatory No. 8 (See Exhibit 1, Interrogatory No. 8)), Defendant asked Plaintiff if he was seeking damages for any mental, emotional, or psychological harm in this case, and if the answer was yes, sought the identity and address of each health care provider from whom Plaintiff sought and/or received any mental, emotional, or psychological treatment from January 1, 2014 through the present.   Plaintiff's Response (See Exhibit 2, Response to Interrogatory No. 8) noted that Plaintiff IS seeking such emotional distress damages, but objected to providing the names and addresses of any health care providers.   Similarly, in Request for Production No. 8 (See Exhibit 5, Defendant's First Set of Requests for Production of Documents to Plaintiff, Request No. 8), Defendant requested that Plaintiff execute the enclosed release, so that Defendant could obtain copies of Plaintiff's medical, mental, emotional, and/or psychological records for the period from January 1, 2014 through present.   Plaintiff objected to signing the release, stating only that no responsive records (meaning records of Plaintiff specifically seeking *mental health* counseling) exist.   (See Exhibit 6, Response to Request for Production No. 8).   The parties attempted to come to an agreement on this matter, with Defendant City even offering to provide a more limited release, so that when the release was submitted to Plaintiff's medical professionals, the only documents requested would be related to emotional distress, anxiety, therapy, and mental health counseling.   (See Exhibit 7, January 24, 2020 email from the undersigned to Colby Addison).

However, Plaintiff refused to sign even this limited release.  (See Exhibit 8, January 29, 2020 email from Colby Addison to the undersigned).

Under Oklahoma law, parties may obtain discovery regarding any matter, not privileged, which is relevant to any party's claim or defense, reasonably calculated to lead to the discovery of admissible evidence and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.  Okla. Stat. tit. 12, § 3226(B)(1).

Federal courts have interpreted the substantially similar Fed. R.Civ. P. 26(b)(1) to require Plaintiffs to provide the type of information requested by Defendant city here. "In accordance with the rule's broad construction of relevance, courts have held that discovery requests seeking an employment discrimination plaintiff's medical and psychological records are ... relevant as to both causation and the extent of plaintiffs' alleged injuries and damages for emotional pain, suffering, and mental anguish." *Seegmiller v. Macey's Inc.*, 2013 WL 3148464, at *2 (D. Utah June 19, 2013)(unpublished case, attached as Exhibit 9); *see also Sims v. Unified Gov't of Wayandotte County/Kansas City*, 2001 WL 1155302, at *3 (D.Kan May 1, 2001)(unpublished case, attached as Exhibit 10)(plaintiff placed mental and emotional state at issue by claiming damages for mental anguish and emotional distress in connection with her Title VII discrimination and retaliation claims). In addition, a plaintiff's medical records are relevant to the "preparation of defendant's defenses against the emotional distress claims because the records may reveal another source of

stress unrelated to defendant which may have affected a plaintiff's emotional distress." *See Seegmiller, supra.*

Where a Plaintiff puts his medical and psychological health at issue by seeking to recover damages for emotional distress, "access to Plaintiff's medical and mental health records is warranted so that Defendants may evaluate, for purposes of their own defense, whether Plaintiff's emotional distress stems from her allegations, a pre-existing condition or from events entirely unrelated to the Defendant." *See Seegmiller, supra.* Here, Plaintiff is seeking damages for his emotional distress. As such, Defendant City is entitled to know what physicians treated Plaintiff for his mental and emotional health, even prior to the events at issue in this lawsuit, to determine whether his emotional distress is related or unrelated to the actions of Defendant. Plaintiff should be compelled to fully respond to Interrogatories 8 and provide the release requested in Request for Production No. 8, so that Defendant City can determine for itself the sources of Plaintiff's mental and emotional distress.

## CONCLUSION

Defendant City seeks an Order compelling Plaintiff to respond to these disco very requests within 5 days of the Order.

Respectfully submitted,

Ambre C. Gooch, OBA No. 16586
Jordan L. Miller, OBA No. 30892
COLLINS, ZORN & WAGNER, P.C.
429 N.E. 50th, Second Floor
Oklahoma City, OK   73105
Telephone: (405) 524-2070
Facsimile: (405) 524-2078
E-mail:  acg@czwlaw.com
         jlm@czwlaw.com

ATTORNEYS FOR DEFENDANT
CITY OF CRESCENT

## CERTIFICATE OF SERVICE

I hereby certify that on February 25, 2020, I sent the above and foregoing by U.S. certified mail, postage prepaid, to:

D. Colby Addison, electronic mail at: colby@centerforemploymentlaw.com
Leah M. Roper, electronic mail at: leah@centerforemploymentlaw.com
The Center for Employment Law
1133 N. Portland Avenue
Oklahoma City, OK 73107
*Attorneys for Plaintiff*

Jordan L. Miller

IN THE DISTRICT COURT OF LOGAN COUNTY
STATE OF OKLAHOMA

TRENT NERE,                          )
                                     )
            Plaintiff,               )
                                     )
v.                                   )        Case No. CJ-2019-203
                                     )
CITY OF CRESCENT,                    )        JURY TRIAL DEMANDED
                                     )
            Defendant.               )

## DEFENDANT CITY'S FIRST
## SET OF INTERROGATORIES TO PLAINTIFF

The Defendant City requests that the Plaintiff answer in writing, under oath, each of the following interrogatories in accordance with Fed. R. Civ. P. 33.

## INTERROGATORIES

**INTERROGATORY NO. 1:**        Identify the person or persons answering, or assisting in the answering of, these Interrogatories.

**INTERROGATORY NO. 2:**        State fully and in detail the type and amount of damages being sought in this case from the Defendant.

**INTERROGATORY NO. 3:**        Please set forth your educational history.

**INTERROGATORY NO. 4:**        Please identify all addresses where you have lived, and with whom you have lived at these addresses, for the past 10 years.

**INTERROGATORY NO. 5:**        Identify your present legal name, any alias name you have or have had, and any other name you have gone by, whether such name was a nick name, an abbreviation, a cover, an alias, etc.

**INTERROGATORY NO. 6:**        Have you ever been hospitalized and/or treated for a mental health, emotional, or psychological condition, problem, or issue? If so, please



DEFENDANT'S
EXHIBIT
1

obtained, and the manner in which it was recorded (if it was recorded).

**INTERROGATORY NO. 12:**   Have you undertaken any effort, since December 1, 2018, to gain employment anywhere, other than with the City? If so, please identify the employer from whom you attempted to gain employment, the position which you attempted to gain, the salary/wage such position provided, whether you were offered such employment, and whether you accepted such employment. If you did not accept such employment, please set forth your explanation for not accepting it.

**INTERROGATORY NO. 13:** Have you ever been asked to resign from any employment or terminated from employment? If your answer is yes, please provide the name of the employer and position you held at the time you were asked to resign or which your employment was terminated.

**INTERROGATORY NO. 14:** Did you, or anyone acting on your behalf, submit an evidence preservation letter to the City? If your answer is yes, please provide the name of the person/entity who submitted it, the date it was submitted, and to whom it was submitted.

**INTERROGATORY NO. 15:** Did you, or anyone acting on your behalf, submit a Notice of Tort Claim to the City? If your answer is yes, please provide the name of the person/entity who submitted it, the date it was submitted, and to whom it was submitted.

**INTERROGATORY NO. 16:**   Identify the date you first contemplated filing a lawsuit regarding your employment with the City.

**INTERROGATORY NO. 17:**   Identify all individuals who you spoke with at the Department of Environmental Quality regarding the issued described in your Petition, the

3

date of those communications, and the content of those communications.

Respectfully submitted,

*[signature: Ambre C. Gooch]*

Ambre C. Gooch, OBA No. 16586
COLLINS, ZORN & WAGNER, P.C.
429 N.E. 50th, Second Floor
Oklahoma City, OK  73105
Telephone: (405) 524-2070
Facsimile: (405) 524-2078
E-mail:  acg@czwlaw.com

ATTORNEY FOR DEFENDANT
CITY OF CRESCENT

## CERTIFICATE OF SERVICE

I hereby certify that on November 15, 2019 I sent the above and foregoing by U.S. certified mail, postage prepaid, to:

D. Colby Addison, electronic mail at: colby@lhllaw.com
Leah M. Roper
LAIRD HAMMONS LAIRD, PLLC
1332 S.W. 89th Street
Oklahoma City, OK 73159
*Attorneys for Plaintiff*

*[signature: Ambre C. Gooch]*

Ambre C. Gooch

4

IN THE DISTRICT COURT OF LOGAN COUNTY
STATE OF OKLAHOMA

TRENT NERE,

        Plaintiff,

v.

                        Case No. CJ–2019–203

CITY OF CRESCENT,

        Defendant.

## PLAINTIFF'S RESPONSES TO DEFENDANT'S OPENING DISCOVERY REQUESTS & SUPPLEMENTAL REQUESTS FOR PRODUCTION

### INTERROGATORIES

**INTERROGATORY NO. 1**: Identify the person or persons answering, or assisting in the answering of, these Interrogatories.

**RESPONSE:**    Objection. Plaintiff objects to the extent this request invades upon attorney-client privilege, i.e. the requirement that Plaintiff disclose communications with his counsel. Without waiver of this objection, Plaintiff responds as follows: Plaintiff.

**INTERROGATORY NO. 2**: State fully and in detail the type and amount of damages being sought in this case from the Defendant.

**RESPONSE:**    Objection. Plaintiff objects in that this request calls for speculation by Plaintiff of amounts awardable at the discretion of the jury, including the amounts the jury may choose to award. Additionally, Plaintiff is not an attorney, and this request seeks to have Plaintiff, or rather his counsel,

1



**INTERROGATORY NO. 12:** Have you undertaken any effort, since December 1, 2018, to gain employment anywhere, other than with the City? If so, please identify the employer from whom you attempted to gain employment, the position which you attempted to gain, the salary/wage such position provided, whether you were offered such employment, and whether you accepted such employment. If you did not accept such employment, please set forth your explanation for not accepting it.

**RESPONSE:**   Plaintiff first sought employment other than with the City after his termination. Plaintiff does not recall each and every employer that he applied for a position with. To the best of Plaintiff's recollection, Plaintiff applied for employment with R&T in Crescent, the City of Purcell, the City of Lexington, the City of Wayne, H&T convenience store, S&T Saltwater, along with others. Plaintiff was offered employment by S&T Saltwater in mid to late March 2019. Plaintiff accepted employment as a saltwater hand earning $15.00 per hour. Plaintiff was not offered employment with any other employer.

**INTERROGATORY NO. 13:** Have you ever been asked to resign from any employment or terminated from employment? If your answer is yes, please provide the name of the employer and position you held at the time you were asked to resign or which your employment was terminated.

**RESPONSE:**      Objection. This request has no temporal limitation and asks about every employer of Plaintiff's entire life. Thus, is it facially disproportionate to the discovery needs of this case. Such terminations can have no bearing on any claim or defense related to Plaintiff's wrongful termination by Defendant.

**INTERROGATORY NO. 14:** Did you, or anyone acting on your behalf, submit an evidence preservation letter to the City? If your answer is yes, please provide the name of the person/entity who submitted it, the date it was submitted, and to whom it was submitted.

**RESPONSE:**      A Notice of Tort Claim was sent via certified mail on February 26, 2019, to the City of Crescent, Attn: Municipal Clerk. Receipt was signed on February 28, 2019, by Lori Lindholm, as best as it can be read. This is the only letter provided to the City that would put the City on notice of its duty to preserve evidence.

**INTERROGATORY NO. 15:** Did you, or anyone acting on your behalf, submit a Notice of Tort Claim to the City? If your answer is yes, please provide the name of the person/entity who submitted it, the date it was submitted, and to whom it was submitted.

**RESPONSE:**      A Notice of Tort Claim was sent via certified mail on February 26, 2019, to the City of Crescent, Attn: Municipal Clerk. Receipt was signed on February 28, 2019, by Lori Lindholm, as best as it can be read.

*D. Colby Addison*

D. Colby Addison, OBA #32718
Leah M. Roper, OBA #32107
1133 N. Portland Ave.
Oklahoma City, OK 73107
Telephone: 405.252.1180
colby@centerforemploymentlaw.com
leah@centerforemploymentlaw.com
ATTORNEYS FOR PLAINTIFF

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing instrument was: ( X ) mailed via U.S. Mail; ( ) certified, with return receipt requested; ( ) hand delivered; ( ) transmitted via facsimile; and/or (X) e-mail on this 3rd day of January, 2020 to the following:

Ambre C. Gooch
Jordan Miller
Collins, Zorn & Wagner, PC
429 NE 50th, 2nd Floor
Oklahoma City, OK 73105
acg@czwlaw.com
jlm@czwlaw.com
ATTORNEY FOR DEFENDANT

*D. Colby Addison*

ATTORNEY FOR PLAINTIFF

35

## VERIFICATION

STATE OF OKLAHOMA                    )
                                     ) ss:
OKLAHOMA COUNTY                      )

Trent Nere, of lawful age, being first duly sworn, deposes and states:

I have read the above and foregoing Answers to Defendant's First Set of Interrogatories to Plaintiff; that I am a party to this action and the statements, allegations, and facts therein set forth are true and correct to the best of my knowledge, information and belief.

_____
Trent Nere

Subscribed and sworn to before me this 3rd day of January 2020.

(SEAL)

_____
Notary Public

My Commission Expires:

01/03/2020

IN THE DISTRICT COURT OF LOGAN COUNTY
STATE OF OKLAHOMA

TRENT NERE,                          )
                                     )
            Plaintiff,               )
                                     )
v.                                   )        Case No. CJ-2019-203
                                     )
CITY OF CRESCENT,                    )        JURY TRIAL DEMANDED
                                     )
            Defendant.               )

## DEFENDANT CITY'S SECOND
## SET OF INTERROGATORIES TO PLAINTIFF

The Defendant City requests that the Plaintiff answer in writing, under oath, each of the following interrogatories in accordance with Fed. R. Civ. P. 33.

### INTERROGATORIES

**INTERROGATORY NO. 18:**    Identify the places of employment, and positions of employment, you have held from January 1, 2016 to the present.

**INTERROGATORY NO. 19:**    In the last 10 years, have you been terminated from employment or asked to resign your employment? If your answer is yes, please identify the place of employment from which you were terminated and/or asked to resign.

**INTERROGATORY NO. 20:**    Identify all professional and/or vocational certificates and/or licenses you have obtained, for the period of January 1, 207 to the present.



DEFENDANT'S
EXHIBIT

_3_

Respectfully submitted,

*Ambre C. Gooch*

Ambre C. Gooch, OBA No. 16586
COLLINS, ZORN & WAGNER, P.C.
429 N.E. 50th, Second Floor
Oklahoma City, OK   73105
Telephone: (405) 524-2070
Facsimile: (405) 524-2078
E-mail:  acg@czwlaw.com

ATTORNEY FOR DEFENDANT
CITY OF CRESCENT

## CERTIFICATE OF SERVICE

I hereby certify that on January 17, 2020, I sent the above and foregoing electronically and by U.S. certified mail, postage prepaid, to:

D. Colby Addison, electronic mail at: colby@lhllaw.com
Leah M. Roper
LAIRD HAMMONS LAIRD, PLLC
1332 S.W. 89th Street
Oklahoma City, OK 73159
*Attorneys for Plaintiff*

*Ambre C. Gooch*

Ambre C. Gooch

2

IN THE DISTRICT COURT OF LOGAN COUNTY
STATE OF OKLAHOMA

TRENT NERE,

        Plaintiff,

v.

                             Case No. CJ–2019–203

CITY OF CRESCENT,

        Defendant.

**PLAINTIFF'S RESPONSES TO DEFENDANT'S
FIRST REQUESTS FOR ADMISSION AND
SECOND SET OF INTERROGATORIES**

**INTERROGATORIES**

**INTERROGATORY NO. 18:**     Identify the places of employment, and positions of employment, you have held from January 1, 2016 to the present.

**RESPONSE:**     Objection. This request seeks irrelevant information, is not reasonably calculated to the discovery of admissible evidence, is disproportional to the discovery needs of this case, and has no importance in resolving the issues in this action (i.e. whether Plaintiff's termination by Defendant was lawful or not). Employers of Plaintiff prior to Defendant's unlawful termination have no bearing on any claim or defense in this litigation. Subject to this objection, Plaintiff responds with his employers subsequent to Defendant, i.e., employers with whom Plaintiff held a position on or after January 30, 2018, as such information may impact damages calculations.

1



Subject to the objections stated, Plaintiff refers Defendant to Plaintiff's response to Interrogatory No. 12.

**INTERROGATORY NO. 19:**    In the last 10 years, have you been terminated from employment or asked to resign your employment? If your answer is yes, please identify the place of employment from which you were terminated and/or asked to resign.

**RESPONSE:**    Objection. This request seeks irrelevant information, is not reasonably calculated to the discovery of admissible evidence, is disproportional to the discovery needs of this case, and has no importance in resolving the issues in this action (i.e. whether Plaintiff's termination by Defendant was lawful or not). Employers of Plaintiff prior to Defendant's unlawful termination have no bearing on any claim or defense in this litigation. Subject to this objection, Plaintiff responds with his employers subsequent to Defendant, i.e., employers with whom Plaintiff held a position on or after January 30, 2018, as such information may impact damages calculations. Subject to the objections stated, no.

**INTERROGATORY NO. 20:**    Identify all professional and/or vocational certificates and/or licenses you have obtained, for the period of January 1, 207 (sp?) to the present.

**RESPONSE:**    Objection. This request is vague and ambiguous as to the temporal range requested. Plaintiff objects to the extent this request may

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing instrument was: ( ) mailed via U.S. Mail; (X) certified. with return receipt requested: ( ) hand delivered: ( ) transmitted via facsimile: and/or (X) e-mail on this 18th day of February. 2020 to the following:

Ambre C. Gooch
Jordan Miller
Collins. Zorn & Wagner. PC
429 NE 50th. 2nd Floor
Oklahoma City. OK 73105
acg@czwlaw.com
jlm@czwlaw.com
ATTORNEY FOR DEFENDANT

ATTORNEY FOR PLAINTIFF

## VERIFICATION

STATE OF OKLAHOMA        )
                                      ) ss:
OKLAHOMA COUNTY        )

Trent Nere, of lawful age, being first duly sworn, deposes and states:

I have read the above and foregoing Answers to Defendant's Second Set of Interrogatories to Plaintiff; that I am a party to this action and the statements, allegations, and facts therein set forth are true and correct to the best of my knowledge, information, and belief.

_____
Trent Nere

Subscribed and sworn to before me this 18th day of February 2020.

_____
Notary Public

(SEAL)

My Commission Expires:

01/31/21

IN THE DISTRICT COURT OF LOGAN COUNTY
STATE OF OKLAHOMA

TRENT NERE,                          )
                                     )
            Plaintiff,               )
                                     )
v.                                   )      Case No. CJ-2019-203
                                     )
CITY OF CRESCENT,                    )      JURY TRIAL DEMANDED
                                     )
            Defendant.               )

## DEFENDANT CITY'S FIRST REQUEST
## FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF

Defendant City requests that Plaintiff produce the following items within thirty (30) days following service of this request.   The Defendant City requests that these documents be made available for inspection and copying at the offices of Collins, Zorn & Wagner, P.C., 429 N.E. 50th St., Second Floor, Oklahoma City, OK  73105, or to mail copies of the requested items within thirty (30) days after receipt of this Request.

When responding to this Request for Production of Documents, you are requested to respond in writing and state as to each of the requests:

(i)     That there are such documents and that they will be produced;

(ii)    That there are such documents but you refuse to produce them because of a claim of privilege or for some other reason; or

(iii)   That there are no such documents as requested by the particular request.

As to each document you are producing, please identify it by production request number, description (e.g., memo, contract, letter, report, handwritten note, etc.), date, author, recipient(s), number of pages and subject matter.

As to each document you are withholding from production, please identify it by



description (e.g., memo, contract, letter, report, handwritten note, etc.), date, author, recipient(s), number of pages and subject matter, and state the basis for its nonproduction.

## DOCUMENTS REQUESTED

**REQUEST FOR PRODUCTION NO. 1:**   All documents or other evidence which supports or relates to your allegations in each claim, cause of action or count of your Petition.

**REQUEST FOR PRODUCTION NO. 2**:   All documents or other evidence that are to be relied on or reviewed by any expert or lay witnesses for you in this case.

**REQUEST FOR PRODUCTION NO. 3:**   All documents or other evidence that are to be relied on or reviewed by any expert witnesses.

**REQUEST FOR PRODUCTION NO. 4:**   All documents or other evidence that have been relied on or referred to in responding to Defendant City's First Set of Interrogatories in this case.

**REQUEST FOR PRODUCTION NO. 5:**   All documents or other evidence that will be introduced or sought to be introduced as evidence at trial.

**REQUEST FOR PRODUCTION NO. 6:**   An identification of the type and, if known, the amount of damages you allege you have suffered as a result of any action or inaction by Defendant City, or identified in your Interrogatory Responses.

**REQUEST FOR PRODUCTION NO. 7:**   All documents or other evidence which are evidence of your alleged damages that are alleged in your Petition.

**REQUEST FOR PRODUCTION NO. 8:**   Please execute the enclosed release

2

attached as Exhibit "A," so that the Defendant City may obtain copies of your medical, mental, emotional, and/or psychological records for the period of January 1, 2014 to the present.   A portion of Exhibit A has been left blank intentionally so that you may fill in the provider by name/facility.   If you identify more than one provider, you should complete a separate release for each provider.

**REQUEST FOR PRODUCTION NO. 9:**   Produce all medical records that relate to any physical injuries or ailments you are complaining about in your lawsuit.

**REQUEST FOR PRODUCTION NO. 10:**   Produce all mental/psychological records that relate to any mental/emotional/psychological injuries you are complaining about in your lawsuit.

**REQUEST FOR PRODUCTION NO. 11:**   Produce all of your mental/psychological/emotional health records for the period January 1, 2014 to the present.

**REQUEST FOR PRODUCTION NO. 12:**   Produce any and all journals, diaries, calendars, personal notes, logs, etc., which in any way relate to any fact or issue that you are complaining about in this lawsuit.

**REQUEST FOR PRODUCTION NO. 13:**   Produce any and all journals, diaries, calendars, personal notes, logs, etc., which in any way relate to your feelings, thoughts, observations, and/or treatment regarding your employment that is at issue in this case.

**REQUEST FOR PRODUCTION NO. 14:**   Produce any and all photos, audio, and/or video recordings, which in any way relate to any fact or issue that you are complaining about in this lawsuit.

**REQUEST FOR PRODUCTION NO. 15:**   All statements obtained by you, or on

3

Respectfully submitted,

Ambre C. Gooch, OBA No. 16586
COLLINS, ZORN & WAGNER, P.C.
429 N.E. 50th, Second Floor
Oklahoma City, OK  73105
Telephone: (405) 524-2070
Facsimile: (405) 524-2078
E-mail:  acg@czwlaw.com

ATTORNEY FOR DEFENDANT
CITY OF CRESCENT

## CERTIFICATE OF SERVICE

I hereby certify that on November 15, 2019 I sent the above and foregoing by U.S. certified mail, postage prepaid, to:

D. Colby Addison, electronic mail at: colby@lhllaw.com
Leah M. Roper
LAIRD HAMMONS LAIRD, PLLC
1332 S.W. 89th Street
Oklahoma City, OK 73159
*Attorneys for Plaintiff*

Ambre C. Gooch

6

## AUTHORIZATION TO DISCLOSE PROTECTED HEALTH INFORMATION

Patient Name:      Trent Nere
Date of Birth:        _____
Social Security #:  _____

I hereby authorize the use or disclosure of the Protected Health Information (PHI)
described below to be provided to or obtained by the following:

**Individual/Facility Disclosing PHI:**
**Individual/Facility Receiving PHI:**
**disclosure, or to be obtained:** _X__      **Information authorized for use or**
psychiatric records concerning this patient for the period of January 1, 2014 to the
present

The information will be obtained, used, or disclosed for the **following purpose(s) only:**

____ Insurance        ____Continued treatment   _X_ Legal    ____ At the request of the
                                                                    patient or patient's
                                                                    representative
Other (specify)

I understand: I may revoke this authorization at any time, in writing, except
revocation will not apply to information already used or disclosed in response to
this authorization. I release the entities listed above, their agents and employees
from any liability in connection with the use or disclosure of the protected health
information covered by this authorization.  The entity authorized to disclose the
information will not be compensated by the recipient for the disclosure, except
for the cost of copying and mailing as authorized by law. Information used or
disclosed pursuant to this authorization may be subject to redisclosure by the
recipient and no longer protected by federal law.  However, the recipient may be
prohibited from disclosing substance abuse information under the Federal
Substance Abuse Confidentiality Requirements. I have the right to inspect the
health information to be released and I may refuse to sign this authorization.
Unless the purpose of this authorization is to determine payment of a claim for
benefits, the requesting entity will not condition the provision of treatment or
payment for my care on my signing this authorization.   The information
authorized for release also may include drug/alcohol abuse treatment records.
This category of medical information/records is protected by Federal
confidentiality rules (42 CFR Part 2).  The Federal rules prohibit anyone receiving
this information or records from making further release unless further release is
expressly permitted by the written authorization of the person to whom it pertains
or as otherwise permitted by 42 CFR Part 2.  A general authorization for the
release of medical or other information is not sufficient for this purpose.  The
Federal rules restrict any use of the information to criminally investigate or
prosecute any alcohol or drug abuse patient.  As a result, by signing below, I

specifically authorize any such records included in my health information to be released.

I understand that my medical information may indicate that I have a communicable or venereal disease which may include, but is not limited to, diseases such as hepatitis, syphilis, gonorrhea or the human immunodeficiency virus, also known as Acquired Immune Deficiency Syndrome (AIDS). I further understand that my medical information may indicate that I have or have been treated by psychological or psychiatric conditions or substance abuse

_____
Signature of Patient or Representative

_____
Date

_____
Representative's Relation to Patient

_____
Expiration Date of Authorization (or one year if not dated)

_____
Signature of Witness

_____
Date

**NOTICE OF RIGHTS:** Information in your medical record that you have or may have a communicable or venereal disease is made confidential by law and cannot be disclosed without your permission except in limited circumstances including disclosure to persons who have had risk exposures, disclosure pursuant to an order of the court or the Department of Health, disclosure among health care providers or disclosure for statistical or epidemiological purposes. When such information is disclosed, it cannot contain information from which you could be identified unless disclosure of that identifying information is authorized by you, by an order of the court or the Department of Health or by law.

**EXHIBIT A**

2

IN THE DISTRICT COURT OF LOGAN COUNTY
STATE OF OKLAHOMA

TRENT NERE,

    Plaintiff,

v.            Case No. CJ–2019–203

CITY OF CRESCENT,

    Defendant.

**PLAINTIFF'S RESPONSES TO DEFENDANT'S OPENING
DISCOVERY REQUESTS & SUPPLEMENTAL REQUESTS
FOR PRODUCTION**

**INTERROGATORIES**

**INTERROGATORY NO. 1**: Identify the person or persons answering, or assisting in the answering of, these Interrogatories.

**RESPONSE:**  Objection. Plaintiff objects to the extent this request invades upon attorney-client privilege, i.e. the requirement that Plaintiff disclose communications with his counsel. Without waiver of this objection, Plaintiff responds as follows: Plaintiff.

**INTERROGATORY NO. 2**: State fully and in detail the type and amount of damages being sought in this case from the Defendant.

**RESPONSE:**  Objection. Plaintiff objects in that this request calls for speculation by Plaintiff of amounts awardable at the discretion of the jury, including the amounts the jury may choose to award. Additionally, Plaintiff is not an attorney, and this request seeks to have Plaintiff, or rather his counsel,

1



**RESPONSE:**    Objection, to the extent this request requires Plaintiff's counsel to, at this early stage of discovery, disclose their trial strategy by providing an exhibit list. Plaintiff may utilize any document produced by either party in the trial of this matter. Plaintiff is not withholding documents under this objection, but is objecting to the instruction that he organize and produce his documents to show which he will utilize at trial, as instructed by Defendant.

**REQUEST FOR PRODUCTION NO. 6:**    An identification of the type and, if known, the amount of damages you allege you have suffered as a result of any action or inaction by Defendant City, or identified in your Interrogatory Responses.

**RESPONSE:**    Objection. This is an interrogatory, not a request for production.

**REQUEST FOR PRODUCTION NO. 7:**    All documents or other evidence which are evidence of your alleged damages that are alleged in your Petition.

**RESPONSE:**    Plaintiff will produce.

**REQUEST FOR PRODUCTION NO. 8:**  Please execute the enclosed release attached as Exhibit "A," so that the Defendant City may obtain copies of your medical, mental, emotional, and/or psychological records for the period of January 1, 2014 to the present.  A portion of Exhibit A has been left blank

intentionally so that you may fill in the provider by name/facility.  If you identify more than one provider, you should complete a separate release for each provider.

**RESPONSE:**    Plaintiff objects to signing Exhibit A, as no relevant responsive records exist.

**REQUEST FOR PRODUCTION NO. 9:**    Produce  all  medical records that relate to any physical injuries or ailments you are complaining about in your lawsuit.

**RESPONSE:**    No responsive records.

**REQUEST  FOR  PRODUCTION  NO.  10:**    Produce  all mental/psychological    records    that    relate    to    any mental/emotional/psychological injuries you are complaining about in your lawsuit.

**RESPONSE:**    No responsive records.

**REQUEST FOR PRODUCTION NO. 11:**  Produce all of your mental/ psychological/emotional health records for the period January 1, 2014 to the present.

**RESPONSE:**    Objection. This request is disproportionate to the discovery needs of this case, is not calculated to the discovery of admissible evidence and is facially overly broad and unduly burdensome. Plaintiff's employment with Defendant was not terminated until January 30, 2019, and

*D. Colby Addison*

_____

D. Colby Addison, OBA #32718
Leah M. Roper, OBA #32107
1133 N. Portland Ave.
Oklahoma City, OK 73107
Telephone: 405.252.1180
colby@centerforemploymentlaw.com
leah@centerforemploymentlaw.com
ATTORNEYS FOR PLAINTIFF

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing instrument was: ( X ) mailed via U.S. Mail; ( ) certified, with return receipt requested; ( ) hand delivered; ( ) transmitted via facsimile; and/or (X) e-mail on this 3rd day of January, 2020 to the following:

Ambre C. Gooch
Jordan Miller
Collins, Zorn & Wagner, PC
429 NE 50th, 2nd Floor
Oklahoma City, OK 73105
acg@czwlaw.com
jlm@czwlaw.com
ATTORNEY FOR DEFENDANT

*D. Colby Addison*

_____

ATTORNEY FOR PLAINTIFF

35

**From:** Jordan Miller
**Sent:** Friday, January 24, 2020 2:12 PM
**To:** 'D. Colby Addison' <colby@centerforemploymentlaw.com>
**Cc:** Ambre Gooch <ACG@czwlaw.com>; Shawna E. Golden <SEG@czwlaw.com>
**Subject:** Nere

Hello Colby,

This is to confirm that at our Rule 37 conference today, you handed me additional documents, as well as the verification for interrogatory responses. You indicated that you have now provided all documents that the discovery responses indicated would be forthcoming, with the exception of tax returns (which you indicted you would provide as soon as a protective order was entered).

Additionally, you indicated that you are not withholding anything pursuant to a privilege at this time, and thus there is no need for a privilege log, as nothing is being withheld.

You indicated you are standing by your objection to providing all times Plaintiff was terminated or asked to resign, but that you have not yet made a decision on whether to provide a response to Interrogatory No. 19, which narrows that request down to the last ten years. It is possible you will provide a response to that, but you provided no opinion on whether you will do so at this time. Please give us an answer by Wednesday, January 29 on whether you will provide us at least the last ten years of times that Plaintiff has been terminated or been asked to resign. If you will not do this, we will likely file a motion to compel

Additionally, you indicated that Plaintiff has seen no medical providers for any emotional distress or other medical reasons for the activity discussed in Plaintiff's complaint, and that you would not provide the names of any medical providers or sign a release, as there was no doctors to name. I indicated that we are entitled to the names of all doctors for the requested time period that Plaintiff has seen for any reason, and that we would likely agree to a limited release related to emotional distress, anxiety, therapy, mental health counseling, etc so that we can see for ourselves from all of Plaintiff's doctors whether there were other sources for his emotional distress. You indicated you would give me your position on this suggestion by Wednesday, January 29. If you do not agree to this, we will likely file a motion to compel.

Please let me know if there is anything in this email that you think does not accurately recount our conversation.

Thanks,
Jordan



DEFENDANT'S
EXHIBIT
η

**From:** D. Colby Addison [mailto:colby@centerforemploymentlaw.com]
**Sent:** Wednesday, January 29, 2020 4:48 AM
**To:** Jordan Miller <JLM@czwlaw.com>
**Cc:** Ambre Gooch <ACG@czwlaw.com>; Leah Roper <leah@centerforemploymentlaw.com>
**Subject:** Nere v. Crescent; 37.1 Meeting Follow-Up

Jordan:

We are standing by our objections to Interrogatories Nos. 7 and 8 along with Request for Production No. 8. Defendant is not entitled to go on a fishing expedition through Plaintiff's medical history to try to blame the consequences of its actions on something else. Defendant is entitled to ask Plaintiff questions in his deposition about his emotional distress. That is far less harassing and respects his protected privacy rights.

Regarding your email seeking confirmation of our production of responsive documents within my client's possession, custody, or control, there are no documents being withheld other than responsive tax returns, which are being withheld until the entry of a protective order.

Sincerely,

D. Colby Addison
Attorney at Law
The Center for Employment Law
1133 N. Portland Ave.
Oklahoma City, OK 73107

Office: 405.252.1180
Direct: 405.252.0535
CenterForEmploymentLaw.com

This message may contain privileged and or confidential information. If the reader of this message is not the intended recipient or the email or agent responsible for delivering it to the intended recipient, you are hereby notified that any use, dissemination, or copying of this message, including any attachments, is strictly prohibited. If you have received this message in error, please notify us immediately by phone at 405-252-1180, or return email, and delete this message and any attachments thereto.


DEFENDANT'S
EXHIBIT
8

WESTLAW

Westlaw is recommending documents based on your current research.

United States Magistrates

Consent
  Magistrate Judge Under Civil Rights Act

Secondary Sources

The Jurisdiction of Magistrates under Federal Magistrates Act of 1968 (28 U.S.C.A. secs. 631 et seq.)

128 A.L.R. Fed. 115 (Originally published in 1995)

..In 1968 Congress passed the Federal Magistrates Act (28 U.S.C.A. §§ 631 et seq ) transferring all the powers and duties of the former United States Commissioners, along with other powers, to the newly ...

Propriety of amount of attorneys' fees awarded to prevailing parties under Civil Rights Attorney's Fees Awards Act of 1976 (42 U.S.C.A. sec. 1988)

118 A.L.R. Fed. 1 (Originally published in 1994)

. Under the Civil Rights Attorney's Fees Awards Act of 1976 (42 U.S.C.A. § 1988), a court, in its discretion, may allow a prevailing party, other than the United States, reasonable attorney's fees in act...

Construction and Application of Civil Rights Attorney Fee Provision, 42 U.S.C.A. s1988--United States Supreme Court Cases

43 A.L.R. Fed. 2d 1 (Originally published in 2010)

..The federal civil rights attorney's fee statute, 42 U.S.C.A. § 1988, gives a court the discretion, in an action under specified civil rights statutes, to award the prevailing party, other than the Unit...

See More Secondary Sources

Briefs

Petition for Writ of Certiorari

2019 WL 2500808
Charles L. RYAN, et al., Petitioners, v. Shawn JENSEN, et al., Respondents.
Supreme Court of the United States
June 12, 2019

...FN1. Victor Parsons and Dustin Brislan were also Plaintiffs below, but they were dismissed from the lawsuit prior to its disposition. Judicial independence is indispensable to the administration of jus...

Brief for Respondent

2003 WL 261025
Joseph C. Roell, Petra Garibay, James Reagan v. Jon Michael Withrow
Supreme Court of the United States
Jan. 21, 2003

...FN* Counsel of Record The issue in this case is whether the Federal Magistrates Act requires parties to consent before a magistrate judge presides at trial and enters judgment, as respondent Jon Michae...

Brief for Petitioner

2007 WL 3276497
Homero GONZALEZ, Petitioner, v. UNITED STATES OF AMERICA, Respondent.
Supreme Court of the United States
Nov. 05, 2007

2013 WL 3148464
United States District Court, D. Utah, Central Division.

Holly SEEGMILLER, Plaintiff,

Seegmiller v. Macey's Inc.
United States District Court, D. Utah, Central Division.   June 19, 2013   Not Reported in F.Supp.2d   2013 WL 3148464   118 Fair Empl.Prac.Cas. (BNA) 1556 (Approx. 7 pages)

MACEY'S INC., a Utah corporation; and Max Broadhead, an individual,
Defendant.

No. 2:12–cv–00875.
June 19, 2013.

**Attorneys and Law Firms**

Michael C. Smith, Smith Law, Provo, UT, for Plaintiff.

Ruth A. Shapiro, Christensen & Jensen PC, Salt Lake City, UT, for Defendant.

**MEMORANDUM DECISION & ORDER**

DUSTIN PEAD, United States Federal Magistrate Judge.

*1 This matter is assigned to Magistrate Judge Dustin Pead pursuant to the parties' consent to jurisdiction under 28 U.S.C. § 636(c) (Dkt. No. 9, 25). Currently pending before the Court is Macey's Inc. and Max Broadhead's (collectively "Defendants") Motion To Compel Holly Seegmiller's ("Plaintiff") Medical Records (Dkt. No. 26). After careful review of the parties' memoranda, the Court concludes that oral argument would not materially assist in the determination of this matter. See DUCivR 7–1(f).

**BACKGROUND**

The following facts are taken from Plaintiff's Amended Complaint as filed with the Court on March 18, 2013 (Dkt. No. 20).

On November 18, 2009, Plaintiff began her employment as a delicatessen worker at Macey's grocery store located in Pleasant Grove, Utah. Id. In October of 2012, Max Broadhead was promoted to delicatessen manager and became Plaintiff's immediate supervisor. Id. As her supervisor, Broadhead repeatedly subjected Plaintiff to numerous instances of unwelcome sexual conduct and harassment.[1] Id. Although Plaintiff reported the harassment to Macey's management, the store "took no action to investigate the complaint or to stop the harassment from continuing." Id. at ¶ 13. In retaliation for reporting the harassment, Plaintiff claims that she was given reduced work hours and prohibited from transferring to an alternate store located in Lehi, Utah. Id.

Based upon these events, Plaintiff filed her Amended Complaint alleging causes of action against Defendant Maceys for Sexual Harassment (count 1) and Retaliation (count 2) in violation of Title VII of the Civil Rights Act of 1964, and Negligent Supervision and Retention (count 4), and against Defendant Broadhead for Intentional Infliction of Emotional Distress (count 3). Id. Plaintiff is seeking lost wages, special, general and punitive damages. Id.

**MOTION TO COMPEL**

On May 14, 2013, in response to Plaintiff's objection to Defendants' subpoenas,[2] Defendants filed a "Motion To Compel" requesting that the Court order Plaintiff's medical providers to comply with the subpoenas and provide access to Plaintiff's medical and psychological records (Dkt. No. 26). Defendants assert that access is warranted because the records are critical to an evaluation of Plaintiff's claims for emotional and psychological harm (Dkt. No. 26).

DEFENDANT'S EXHIBIT
9

Seegmiller v. Macey's Inc. | Cases | Westlaw

Plaintiff objects, arguing that her medical records are not relevant and that she has not waived the therapist-patient privilege (Dkt. No. 31). Further, to the extent that the privilege is at issue, Plaintiff "withdraws any claim to emotional distress damages which would require her to allow the disclosure of her therapist's notes." *Id.* at 4.

### ANALYSIS

Pursuant to Federal Rule of Civil Procedure 26(b)(1), discovery may be obtained "regarding any non-privileged matter that is relevant to any party's claim or defense ... Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed.R.Civ.P. 26(b)(1).

*2 In accordance with the rule's broad construction of relevance, courts have held that "discovery requests seeking an employment discrimination plaintiffs medical and psychological records are ... relevant as to both causation and the extent of plaintiffs alleged injuries and damages for emotional pain, suffering, and mental anguish." *Combe v. Cinemark, USA, Inc.,* 1:08–CV–142 TS, 2009 U.S. Dist LEXIS 99820 *6, 2009 WL 3584883 (D.Utah Oct. 26.2009) (citing *Owens v. Sprint/United Management Co.,* 221 F.R.D. 657, 659–660) (D.Kan.2004)); *see also Becker v. Securitas Sec. Servs. USA, Inc.,* 2007 U.S. Dist. LEXIS 15818, 2007 WL 677711 (Mar. 2, 2007) (medical records discoverable in a Title VII employment discrimination action claiming emotional distress); *Sims v. Unified Gov't of Wayandotte County/Kansas City,* 2001 U.S. Dist. LEXIS 16211, No. Civ A. 99–2406–JWL, 2001 WL 1155302, *3 (D Kan  May 1, 2001) (plaintiff placed mental and emotional state at issue by claiming damages for mental anguish and emotional distress in connection with her Title VII discrimination and retaliation claims). In addition, a plaintiffs medical records are relevant to the "preparation of defendant's defenses against the emotional distress claims because the records may reveal another source of stress unrelated to defendant which may have affected a plaintiffs emotional distress." *Combe* at *6 (citing *EEOC v. Sheffield,* 2007 U.S. Dist. LEXIS 43070, 2007 WL 1726560, at *4) (M.D.N.C. June 13, 2007).

Here, Plaintiff puts her medical and psychological health at issue by seeking to recover damages for emotional distress. Specifically, Plaintiff asserts that as a result of Defendants actions she has suffered "physical and emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, loss of dignity, [and] emotional distress. ...." (Dkt. No. 20).[3] Under such circumstances, access to Plaintiff's medical and mental health records is warranted so that Defendants may evaluate, for purposes of their own defense, whether Plaintiff's emotional distress stems from her allegations, a pre-existing condition or from events entirely unrelated to the Defendants.

While Plaintiff argues that the psychotherapist-patient privilege as established in *Jaffie v. Redmond,* 518 U.S. 1, 116 S.Ct. 1923, 135 L.Ed.2d 337 (1996) is "sacrosanct," numerous courts have concluded that such privilege is not absolute and that "similar to [the] attorney-client privilege that can be waived when the client places the attorney's representation at issue, a plaintiff waives the psychotherapist-patient privilege by placing his or her medical condition at issue." *Schoftstall v. Henderson,* 223 F.3d 818, 823 (8th Cir.2000) (collecting cases) (cited in *Fisher v. Sw. Bell Tel. Co.,* 361 F. App's 974, 978 (10th Cir.2010) (unpublished decision); *see also Doe v. Oberweis Dairy,* 456 F.3d 704, 718 (7th Cir.2006) (stating the psychotherapist-patient privilege is not absolute and therefore a plaintiff who seeks damages for emotional distress "places his or her psychological state in issue, [and] the defendant is entitled to discover any records of that state."). The Court finds these cases persuasive and agrees that by placing her medical condition at issue Plaintiff waived the psychotherapist-patient privilege.

*3 For the above stated reasons, the Court finds that Plaintiff has put her medical and psychological health at issue by seeking to recover damages for emotional distress. As a result, the Court concludes that Plaintiff's records are discoverable and Defendants' Motion To Compel is hereby GRANTED. Plaintiff indicates that she intends to "withdraw[ ] any claim to emotional distress damages which would require her to allow the disclosure of her therapist's notes." (Dkt. No. 31). Accordingly, the Court Orders that if Plaintiff intends to withdraw any claims, she do so by filing a formal Motion To Amend her Complaint within twenty (20) days from the date of this Ruling.

## All Citations

Not Reported in F.Supp.2d, 2013 WL 3148464, 118 Fair Empl.Prac.Cas. (BNA) 1554

## Footnotes

...FN* Counsel of Record The opinion of the Court of Appeals, J.A. 24-33, is reported at 483 F.3d 390. The judgment of the Court of Appeals was entered on March 30, 2007. The petition for a writ of certio ...

See More Briefs

**Trial Court Documents**

**U.S. v. Isaia**

2017 WL 2972045
UNITED STATES OF AMERICA, Plaintiff, v Lucian Gabriel ISAIA, Defendant.
United States District Court, C.D. California.
June 23, 2017

In the presence of the attorney for the government, the defendant appeared in person on this date. COUNSEL Elizabeth Carpenter, Appointed (Name of Counsel) GUILTY, and the court being satisfied that t...

**U.S. v. Pulido-Garcia**

2007 WL 4915201
UNITED STATES OF AMERICA, v. PULIDO-GARCIA, Emilio, Defendant
United States District Court, C.D. California
Nov 19, 2007

Social Security No. XXX-XX-XXXX (Last 4 digits) MONTH DAY YEAR In the presence of the attorney for the government, the defendant appeared in person on th's date Nov. 19, 2007 COUNSEL X WITH COUNSEL Pa...

**U.S. v. Borrios**

2007 WL 4915126
UNITED STATES OF AMERICA, v. BERRIOS, John Erik akas: John Erik, Barrios, John Eric Berrios, Johnny Berries, Joan Erik Barrios, Tony Rodriguez, "*Agent", Defendant.
United States District Court, C.D. California.
Oct. 15, 2007

Social Security No. 9584 (Last 4 digits) MONTH DAY YEAR In the presence of the attorney for the government, the defendant appeared in person on this date. Oct. 15, 2007 COUNSEL X WITH COUNSEL Rick Gold...

See More Trial Court Documents

1     Specifically, Plaintiff alleges that Mr. Broadhead made vulgar and sexually demeaning comments to her about other female employees and customers, told Plaintiff she would get a raise if she showed him her breasts, and forced Plaintiff to look at pornographic photographs and videos on his cell phone. *Id.*

2     *See* Dkt. No. 26–4, Letter to Defendants stating "Plaintiff Holly Seegmiller objects to and opposes the subpoenas and production of any and all medical and psychological records regarding plaintiff, on all available legal grounds, including her rights of privacy, physician-patient and psychologist-therapist privilege, and undue prejudice." *See* Dkt. No. 27, Plaintiff's former therapist, Cindy White, filed a formal objection to Defendants' subpoena asserting that the records sought are protected by the patient-therapist privilege.

3     While the issue was not raised by Plaintiff, the Court notes that "[m]edical records relating to treatment and counseling are relevant even when plaintiff seeks 'garden variety' emotional damages under Title VII." *Combe* at *6 (citing, *Wooten v. Certainteed Corp.,* 2009 WL 2407715, at *1 (D.Kan. Aug.4, 2009). Here, Plaintiff seeks emotional distress damages against Defendant Maceys (count 4), and has brought a direct claim for intentional infliction of emotional distress against Defendant Broadhead (count 3) (Dkt. No. 20).

End of
Document

© 2020 Thomson Reuters. No claim to original U.S. Government Works.

WESTLAW

Distinguished by Tilley v. Equifax Information Services, LLC,   D. Kan.,   September 4, 2007

2001 WL 1155302

**Sims v. Unified Government of Wyandotte County/Kansas City, Kansas**
United States District Court, D. Kansas   May 1, 2001   Not Reported in F.Supp.2d   2001 WL 1155302   *(Approx. 4 pages)*

Diane E. SIMS, Plaintiff,

v.

The UNIFIED GOVERNMENT OF WYANDOTTE COUNTY/KANSAS
CITY, KANSAS, et al., Defendants.

No. CIV. A. 99–2406–JWL.

May 1, 2001.

*MEMORANDUM AND ORDER*

WAXSE, Judge.

*1 A telephone hearing was held on April 11, 2001 regarding the following motions: (1) Defendants' Motion to Compel (doc. 76); (2) Plaintiff's Motions to Extend Time (doc. 92 and 95); and (3) Defendants' Motion to Strike (doc. 94). Plaintiff appeared through her counsel John B. Gage. Defendants appeared through their counsel Gregory P. Goheen.

This Order will memorialize the rulings made at the telephone hearing. It will also address several issues relating to the Motion to Compel (doc. 76) that the Court took under advisement at the telephone hearing. In addition, it will memorialize the Court's ruling denying Plaintiff's Motion for Leave to File Memorandum in Opposition to Motion to Strike Out of Time (doc. 117), of which the parties were orally informed prior to the telephone hearing.

**I. Plaintiff's Motions to Extend Time (doc. 92 and 95)**
The Court finds that Plaintiff's first motion for extension of time to file her opposition to Defendant's Motion to Compel was timely; however the second motion was untimely. The second motion, which should have been filed on February 6, 2001, was not filed until February 7. The Court finds that Plaintiff has made an excessive number of requests for extension of time in this case. Moreover, the Court does not find that Plaintiff has established the necessary good cause or excusable neglect that would justify allowing Plaintiff to file her response out of time. The Court will therefore deny the second motion for extension of time.

**II. Plaintiff's Motion for Leave to File Memorandum in Opposition to Motion to Strike Out of Time (doc. 117)**
As the Court has already orally informed counsel, this motion is denied. In order to be timely, Plaintiff's opposition to the Motion to Strike should have been filed by February 26, 2001. Plaintiff did not timely oppose the Motion and waited more than one month to file the instant motion for leave to file her opposition out of time. The Court does not find that Plaintiff has established good cause or excusable neglect sufficient to support her request.

**III. Defendants' Motion to Strike (doc. 94)**
When Plaintiff filed her second motion for extension of time to file her opposition to Defendants' Motion to Compel, she also filed her opposition brief (doc. 97). Because the Court has denied the second motion for extension of time, her opposition was untimely filed. The Court will therefore grant Defendants' Motion to Strike Plaintiff's opposition. Plaintiff's Memorandum in Opposition to Motion to Compel (doc. 97) is hereby stricken.

**IV. Defendants' Motion to Compel and Request for Sanctions (doc. 76–1 and 76–2)**
Although the Court has stricken Plaintiff's written opposition to the Motion to Compel, the Court did hear oral argument from Plaintiff's counsel at the telephone hearing. The Court

**SELECTED TOPICS**

Criminal Law

Post-Conviction Relief Petition Specificity and Detail

**Secondary Sources**

Sec 60-1507.  Prisoner in Custody under Sentence

5 Kan. Law & Prac., Code Of Civ. Proc. Anno. § 60-1507 (5th ed.)
...The procedure under this section is now provided in some detail by rule 183 of the Supreme Court rules relating to district courts (see Appendix B, Volume 6)  Care has been taken to set up uniform standard

§ 2168.  Successive proceedings for postconviction relief under state statutes or rules

24 C.J.S. Criminal Procedure and Rights of Accused § 2168
...A state is free to impose proper procedural bars to restrict repeated returns to state court for postconviction proceedings  State postconviction relief rules are specifically designed, where possible,...

**Appendix  B Rules Relating to District Courts**

6 Kan. Law & Prac., Code Of Civ. Proc. Anno. App. B (5th ed.)
...The attached report, adopted by the Supreme Court Standards Committee on October 24, 1980, was adopted by the Supreme Court, effective December 11, 1980, as a statement of the goals of the Kansas judic...

See More Secondary Sources

**Briefs**

**JOINT APPENDIX, VOL. III**

2009 WL 1230313
E. K. MCDANIEL, WARDEN and THE ATTORNEY GENERAL OF THE STATE OF NEVADA, Petitioners, v. TROY BROWN, Respondent.
Supreme Court of the United States
May 01, 2009

...FN* Counsel of Record XX/XX/XXXX
LABORATORY NUMBER: L0277-94-A
AGENCY: CARLIN P.D. AGENCY CASE #: 0194-0070 SUSPECT: BROWN, TROY VICTIM: ALLRED, MEGAN PERSON REQUESTING: ROY LADD-ELKO PD DATE OF SUBMIS...

**Brief of Appellee**

2015 WL 9480548
Danny BEAUCLAIR, Defendant-Appellant, v STATE OF KANSAS, Plaintiff-Appellee.
Court of Appeals of Kansas
Oct. 30, 2015

...Beaulcair argues that the district court erred when it summarily denied his K.S.A. 60-1507 motion. A district court has three options when resolving a K.S.A. 60-1507 motion. First, the district court m...

**Joint Appendix**

2009 WL 2163261
JOE HARRIS SULLIVAN, Petitioner, v. STATE OF FLOR[...]
Supreme Court [...]
July 16, 2009

DEFENDANT'S EXHIBIT 10

2/25/2020                          Sims v. Unified Government of Wyandotte County/Kansas City, Kansas | Cases | Westlaw

will decline to grant the Motion to Compel as uncontested. The Court makes the following
rulings as to the Motion to Compel:

A. Defendant Unified Government's First Set of Interrogatories to Plaintiff

1. General objections
**2** The Court overrules Plaintiff's first general objection that the interrogatories exceed the
limit on interrogatories contained in the Scheduling Order. That Order allowed each party to
submit fifty interrogatories upon any other party. Even counting each subpart as an
individual interrogatory, the Unified Government of Wyandotte County/Kansas City, Kansas'
("Unified Government") interrogatories do not exceed that limit.

The Court also overrules Plaintiff's second general objection, that the interrogatories are
overly broad and burdensome, except as discussed below with respect to certain
interrogatories.

In addition, the Court overrules Plaintiff's third general objection, that Defendant's general
instructions impose a greater obligation than that required by Fed.R.Civ.P. 26 and 33.

2. Objections to specific interrogatories

a. Interrogatory No. 5
The Court sustains Plaintiff's objection that this interrogatory is overly broad as to the time
period covered. The Court will limit the interrogatory to the period of Plaintiff's employment
with the Unified Government through the present and the two-year period prior to that
employment. All other objections to Interrogatory No. 5 are overruled.

b. Interrogatory No. 6
Plaintiff informs the Court that he has already provided the Unified Government with the
information requested in this interrogatory. The Court will thus deny the Motion to Compel
as moot with respect to this interrogatory.

c. Interrogatory No. 9
This interrogatory asks Plaintiff to identify each person that she expects to call as an expert
witness at trial and to provide certain information about the expert's opinions. The Court
overrules all of Plaintiff's objections to this interrogatory. Plaintiff shall answer this
interrogatory to the extent she presently knows who she plans to call as an expert witness
and to the extent she presently knows the other information requested. If she later
determines to designate a testifying expert, she shall supplement her response with the
requested information at that time.

d. Interrogatory Nos. 14, 16, 17, 18, 20, 21
The Court overrules all objections to these interrogatories.

e. Interrogatory No. 23
The Court overrules Plaintiff's objections to this interrogatory. Plaintiff shall provide the
Unified Government with a supplemental response providing any additional information that
forms the factual basis for her allegation that Dennis Hays "actually possessed any
knowledge of plaintiff's situation." If Plaintiff has no other information responsive to this
interrogatory, she shall serve a supplemental response stating that she has no additional
information.

f. Interrogatory No. 31
This interrogatory seeks information regarding the health care providers and psychologists
who have provided health care to Plaintiff within the past ten years. The Court sustains
Plaintiff's objection that this interrogatory is overly broad in that it requests information for
the past ten years. The Court will limit this interrogatory to the period of Plaintiff's
employment with the Unified Government through the present and the two-year period prior
to that employment.

**3** The Court overrules all other objections, including Plaintiff's objection that none of this
information need be provided because Plaintiff does not plan to present any medical expert
testimony in support of her claims for mental anguish and emotional distress.

Plaintiff has placed her mental and emotional state at issue by claiming damages for
"mental anguish, emotional distress, [and] loss of enjoyment of life" in connection with her
Title VII discrimination and retaliation claims (Third Amended Complaint, Count I, ¶ 74) and
by claiming those same damages and damages for "pain and suffering" in connection with
her section 1981 claim (Count II, ¶ 79), Title VI claim (Count IV, ¶ 69), section 1985 claim
(Count V, ¶ 76), and due process claim (Count VIII, ¶ 97). The medical and psychological

...FN* Counsel of Record Joe Harris Sullivan
moves this Court pursuant to Rule 3.850 of
the Florida Rules of Criminal Procedure for
relief from his unconstitutionally obtained
conviction and sentence, and...

See More Briefs

**Trial Court Documents**

**Thomas WOODBERRY, Movant, v. The
State of Kansas, Respondent.**

2003 WL 25277386
Thomas WOODBERRY, Movant, v. The State
of Kansas, Respondent
District Court of Kansas
Jan 07, 2003

.. NOW ON THIS 19th day of December
2002, the motion pursuant to K.S.A. 601507
filed herein on June 7, 2002 comes on for
hearing. The movant is represented by his
attorney, David Freund. The respondent is...

**State v. Horn**

2019 WL 5725061
STATE OF KANSAS, Plaintiff, v. Jerry Allen
HORN, Defendant.
District Court of Kansas
Nov 04, 2019

.. Division 2 On August 26, 2019, the
Defendant filed a motion to correct illegal
sentence. He raises a single issue that turns
upon the advice given in his colloquy with the
District Judge regarding the...

**Blaine E. SAMPSON and Margaret M.
Sampson, Plaintiffs, v. BIOMAT, INC., et
al., Defendants**

2002 WL 34080708
Blaine E. SAMPSON and Margaret M.
Sampson, Plaintiffs, v. BIOMAT, INC., et al.,
Defendants
District Court of Kansas.
Aug. 12, 2002

.. This matter is before the court for ruling on
Defendants' ("Biomat") Motion for Partial
Summary Judgment ("Second Motion") on
Counts I, II and V of Plaintiffs' ("Sampsons")
First Amended Petition ("Pet...

See More Trial Court Documents

information sought by this interrogatory appears relevant to both causation and the extent of Plaintiff's alleged injuries and damages. *See Hilt v. SFC, Inc.,* 170 F.R.D. 182, 186 (D.Kan.1997) (overruling objections to interrogatory asking sexual harassment plaintiff who claimed damages for mental and emotional pain to identify all physicians and health care professionals who had treated her or with whom she had consulted).

The fact that Plaintiff is not planning to present any expert testimony in support of her emotional distress and mental anguish claims does not make this information any less relevant. Moreover, the Court has been unable to locate any case law supporting Plaintiff's contention that this information is discoverable only if she were planning to present expert testimony regarding her mental and emotional condition.

B. Defendant Dennis M. Hays' First Set of Interrogatories to Plaintiff 1. General objections Plaintiff asserts the same general objections to Defendant Hay's Interrogatories that she made in response to the Unified Government's Interrogatories. The Court makes the same rulings regarding these objections that it made above in Part IV.A.1 concerning the Unified Government's Interrogatories.

2. Objections to specific interrogatories
The Court overrules all of Plaintiff's objections to Interrogatory Nos. 2, 3, 6, 7, and 9–12.

C. Defendant Joseph M. Connor's First Set of Interrogatories to Plaintiff
The parties informed the Court at the telephone hearing that they would work together to resolve any disputes remaining about these interrogatories. The Motion to Compel is therefore denied as moot with respect to these interrogatories.

D. Municipal Defendants' Requests for Production of Documents to Plaintiff

1. Request for Production No. 2
The parties also informed the Court that Plaintiff has provided the documents responsive to this request. The Court will therefore deny the Motion to Compel as moot with respect to this request.

2. Request for Production No. 3
The Court will overrule all of Plaintiff's objections to this request, except to the extent that Plaintiff contends the requested statements are privileged. Plaintiff shall submit the requested statements to the Court for an *in camera* inspection. Said documents shall be provided to the Court by *May 11, 2001.* The Court will then determine whether any of the statements are privileged and not subject to discovery.

3. Request for Production No. 5
*4 The Court will sustain Plaintiff's objection that this request is overly broad and will limit the request to the period of Plaintiff's employment with the Unified Government through the present and the two-year period prior to that employment. All other objections to this request are overruled.

4. Request for Production No. 6
The Court will sustain Plaintiff's objection that the request is overly broad in that it requests releases for medical and psychological records from 1983 to the present. The Court will limit the request to the period of Plaintiff's employment with the Unified Government through the present and the two-year period prior to that employment. The Court will overrule all other objections, including Plaintiff's objection that none of the releases for these records need be provided because Plaintiff will not present any expert testimony in support of her claim for mental anguish and emotional distress damages. (*See* discussion above in Part IV.A.2 .f., addressing the Unified Government's Interrogatory No. 31.)

5. Request for Production No. 7
The Court sustains Plaintiff's objection that this request is overly broad in that it requests releases for educational records for an unlimited period of time. The Court will limit the request to the period of Plaintiff's employment with the Unified Government. The Court overrules all other objections to this request.

6. Request for Production No. 10
Plaintiff objects to producing any documents that she provided to or received from the Equal Employment Opportunity Commission ("EEOC"), Kansas Human Rights Commission ("KHRC") or any other administrative agency concerning her allegations because she contends that they are protected work product. The Court finds that Plaintiff waived any work production protection these documents might have enjoyed by disclosing them to the EEOC or other agency. *See McCoo v. Denny's, Inc.,* No. 98–2458 RDR, 2000 WL 307315,

Sims v. Unified Government of Wyandotte County/Kansas City, Kansas | Cases | Westlaw

*1–2 (D. Kan. Mar. 21 2000) (party waives work product immunity by providing document to KHRC). The Court also overrules Plaintiff's objection that any such documents she *received from* the EEOC or other agency are work product, in that such documents would not have been prepared by Plaintiff, her counsel, or representative. *See Johnson v. Gmeinder,* 191 F.R.D. 638, 643 (D.Kan.2000) (party asserting work product protection must establish, inter alia, that the materials "were prepared by or for a party or a representative of that party") (quoting Fed.R.Civ.P. 26(b)(3)).

Plaintiff also objects to producing any documents provided to or received from the EEOC or other agency on the grounds they are attorney-client privileged. The Court overrules that objection also. If Plaintiff *provided* any attorney-client document to a third party such as the EEOC, the privilege would have been waived. If Plaintiff *received* the document from the EEOC or other agency there would be no basis to claim that it was an attorney-client communication in the first place.

*5 In light of the above, the Court will grant the Motion to Compel as to any documents Plaintiff received from or provided to the EEOC, KHRC, or other administrative agency relating to Plaintiff's allegations. The Court will sustain Plaintiff's assertion that all other documents responsive to this request are privileged or protected by work product and will deny the Motion to Compel as to those documents.

E. Defendants' Request for Sanctions (doc. 76–2)
Because the Court has denied in part and granted in part Defendants' Motion to Compel, the Court will deny the request for sanctions. Each party shall bear its/his/her fees and expenses incurred in connection with the Motion to Compel.

IT IS THEREFORE ORDERED BY THE COURT that Plaintiff's Motion to Extend Time (doc. 92) is granted.

IT IS FURTHER ORDERED that Plaintiff's Motion to Extend Time (doc. 95) is denied.

IT IS FURTHER ORDERED that Plaintiff's Motion for Leave to File Memorandum in Opposition to Motion to Strike Out of Time (doc. 117) is denied.

IT IS FURTHER ORDERED that Defendants' Motion to Strike (doc. 94) is granted. Plaintiff's Memorandum in Opposition to Motion to Compel (doc. 97) is hereby stricken.

IT IS FURTHER ORDERED that Defendants' Motion to Compel (doc. 76) is granted in part and denied in part, as set forth herein. All documents required to be produced as a result of this Memorandum and Order shall be produced by Plaintiff by *May 21, 2001.* Said production shall take place at the offices of Defendants' counsel or at any other location agreed upon by the parties. Plaintiff shall submit to the Court for an *in camera* inspection the claimed privileged statements responsive to the Municipal Defendants' Request for Production No. 3. Said statements shall be submitted to the Court by *May 11, 2001.* The Court will then determine whether any of the statements are privileged and not subject to discovery. All supplemental responses required to be served on Defendant(s) as a result of this Memorandum and Order shall be served by *May 21, 2001.*

IT IS FURTHER ORDERED that Defendants' request for sanctions in connection with the filing of the Motion to Compel (doc. 76–2) is denied. Each party shall bear its/his/her own fees and expenses incurred in connection with the Motion to Compel.

IT IS SO ORDERED.

## All Citations

Not Reported in F.Supp.2d, 2001 WL 1155302

---

End of
Document

© 2020 Thomson Reuters. No claim to original U.S. Government Works.