STATE OF OKLAHOMA
LOGAN COUNTY SS:
FILED FOR RECORD ON

2020 JUN -5  PM 1: 14

CHERYL SMITH
COURT CLERK

BY_____DEPUTY

# IN THE DISTRICT COURT OF LOGAN COUNTY
## STATE OF OKLAHOMA

TRENT NERE,

   Plaintiff,

v.

CITY OF CRESCENT,

   Defendant.

**Case No. CJ–2019–203**

---

## PLAINTIFF'S MOTION TO COMPEL DISCOVERY

---

**RESPECTFULLY SUBMITTED THIS 5th DAY OF JUNE 2020.**

D. Colby Addison, OBA #32718
Leah M. Roper, OBA #32107
THE CENTER FOR EMPLOYMENT LAW
1133 N. Portland Ave
Oklahoma City, OK 73107
Telephone: 405.252.1180
Leah@CenterForEmploymentLaw.com
Colby@CenterForEmploymentLaw.com
ATTORNEYS FOR PLAINTIFF

EXHIBIT 20

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ........................................................ iii

PLAINTIFF'S MOTION TO COMPEL DISCOVERY .............................. 1

ARGUMENT AND AUTHORITY ............................................... 3

   A. Material Facts Underlying Defendant's Affirmative Defenses .......... 5

   B. Defendant's Temporal Limitation Must be Rejected ...................... 11

   C. Communications Regarding Wastewater, or its Storage, Discharge, or Retention ............................................... 14

   D. Personnel Documents for Similarly Situated Employees and Decision Makers.......................................................... 16

   E.The Job Description, Standards, and Job Postings for Plaintiff's Position ........................................................... 21

CERTIFICATE OF SERVICE ............................................... 22

# TABLE OF AUTHORITIES

## <u>UNITED STATES SUPREME COURT</u>
*Federal Trade Com'n v. Cement Institute*, 333 U.S. 683 (1948) .................................... 13-14

## <u>FEDERAL COURTS OF APPEALS</u>
*Bilow v. Much Shelist Freed Denenberg Ament & Rubenstein, P.C.*,
    277 F.3d 882 (7th Cir. 2001) ................................................................................ 5

*Chicano Police Officer's Ass'n v. Stover,* 526 F.2d 431 (10th Cir. 1975) ........................ 11

*Hernandez v. George*, 793 F.2d 264 (10th Cir. 1986) ........................................... 4-5

*La Montagne v. American Convenience Products, Inc.*,
    750 F.2d 1405 (7th Cir. 1984) .............................................................................. 5

*MacDonald v. Eastern Wyoming Mental Health Center*,
    941 F.2d 1115 (10th Cir. 1991) ............................................................................ 5

*Marathon Ashland Pipe Line, LLC v. Maryland Casualty Co.*,
    243 F.3d 1232 (10th Cir. 2001) ..................................................................... 10-11

*McAlester v. United Air Lines, Inc.*, 851 F.2d 1249 (10th Cir. 1988) ........................... 11

*Miller v. Regents of Univ. of Colo.*, 188 F.3d 518 (10th Cir. 1999) ........................ 12-13

*Peat, Marwick, Mitchell & Co. v. West,* 748 F.2d 540 (10th Cir. 1984) ........................ 8

*Resolution Trust Corp. v. Dabney*, 73 F.3d 262 (10th Cir. 1995) ........................... 9-10

*Roe v. United States*, 316 F.2d 617 (5th Cir. 1963) .............................................. 13

*United States v. Donovan*, 984 F.2d 507 (1st Cir. 1993) ........................................ 13

*United States v. Hurley*, 755 F.2d 788 (11th Cir. 1985) ......................................... 13

## <u>FEDERAL DISTRICT COURTS</u>
*Arbuckle Wilderness, Inc. v. KFOR-TV, Inc.*, 149 F.R.D. 209 (W.D.Okla. 1993) ....... 7-8

*Central Soya Co., Inc. v. Geo. A. Hormel & Co.*,
    581 F.Supp. 51 (W.D.Okla. 1982) ....................................................................... 10

*Chubb Integrated Systems v. Nt'l Bank of Wash.,* 103 F.R.D. 52 (D.D.C.1984) .................. 4

*Cotracom Commodity Trading Co. v. Seaboard Corp.,*
 189 F.R.D. 655 (D. Kan. 1999) ............................................................................ 9

*Dow Chemical Co. v. Taylor,* 1974 WL 1294 (E.D.Mich. July 1, 1974)....................... 6-7

*Flanagan v. Travelers Ins. Co.,* 111 F.R.D. 42 (W.D.N.Y. 1986) ................................... 11

*Griffith v. Wal-Mart Stores, Inc.,* 163 F.R.D. 4 (E.D.Ky. 1995)..................................... 21

*Hoffman v. United Telecommunications, Inc.,* 117 F.R.D. 436 (D.Kan. 1987)............... 9

*Horizon Holdings, LLC v. Genmar Holdings, Inc.,*
 209 F.R.D. 208  (D.Kan. 2002) ........................................................................11-12

*Horton v. United States,* 204 F.R.D. 670 (D.Colo. 2002) ................................................. 8

*Mancia v. Mayflower Textile Servs. Co.,* 253 F.R.D. 354. (D.Md. 2008)................... 16-18

*McCoo v. Denny's Inc.,* 192 F.R.D. 675 (D.Kan. 2000)................................................... 21

*Miller v. Doctor's General Hospital,* 76 F.R.D. 136 (W.D.Okla. 1977)............................ 8

*Price v. Leflore County Det. Ctr. Pub. Trust,*
 2014 WL 3672874 (E.D.Okla. July 23, 2014) .....................................................14-15

*S.E.C. v. Thomas,* 116 F.R.D. 230 (D.Utah 1987)......................................................... 10

*Shoemake v. McCormick,* 2011 U.S. Dist. LEXIS 131736 (D. Kan. 2011) ................... 19

*Weahkee v. Norton,* 621 F.2d 1080  (10th Cir. 1980) .................................................19-20

*Winton v. Bd of Cmrs, Tulsa Cnty, Okla.,* 188 F.R.D. 398 (N.D.Okla. 1999)................ 10

## OKLAHOMA COURTS
*Ellison v. Gray,* 702 P.2d 360 (Okla. 1985)...................................................................... 5

*Hall v. Goodwin,* 775 P.2d 291 (Okla. 1989)................................................................... 5

*State ex rel. Protective Health Servs. v. Billings Fairchild Ctr., Inc.*,
  2007 OK CIV APP 24, 158 P.3d 484 ........................................................................3-4

**OTHER AUTHORITY**
12 O.S. § 2011 .................................................................................................. 7

12 O.S. § 3226(B)(1) ......................................................................................... 3

**8 Wigmore, Evid.** McNaughton rev. 1961 § 2285 ........................................... 10

23 Wright & Graham, ***Federal Practice and Procedure: Evidence*** § 5422 .................... 10

Fed. R. Civ. P. 26(b)(5) advisory committee's note (1993) .............................................8-9

## PLAINTIFF'S MOTION TO COMPEL DISCOVERY

**COMES NOW THE PLAINTIFF**, and respectfully requests this Court compel complete discovery responses from Defendant as to cetain matters. In support of this motion, Plaintiff shows as follows:

1. Plaintiff filed this action alleging his termination of employment violates Oklahoma's public policy in September 2019. Specifically, Plaintiff claimed he was terminated for refusing to discharge wastewater as instructed due to a public health risk, and further that Plaintiff was terminated because he reported this issue to the Department of Environmental Quality. *See* Plaintiff's Petition.

2. The parties have been engaged in written discovery on this matter, but have reached an impasse as to certain issues. Because the lack of response on these issues is impairing Plaintiff's ability to prepare this matter, Plaintiff asks this Court to compel full responses to certain of his requests.

3. Plaintiff issued opening discovery requests to Defendant on December 23, 2019. Defendant responded to Plaintiff's requests on February 11, 2020.[1]

4. After review of Defendant's responses (relevant responses affixed as Ex 1), Plaintiff outlined his concerns over Defendant's certain deficiencies via correspondence on April 20, 2020. Ex 2 (3237 letter).

---

[1] The parties agreed to extensions for responses and there is no dispute that these responses were timely.

1

5. The parties conferred by phone on April 30, 2020, and reached agreements as to certain issues. Ex 3 (recap letter). Defendant supplemented its responses to interrogatories and requests for production. Ex 4 and 5.[2]

6. However, Defendant has advised it will not supplement as to other requests. Those remaining include:

   a. Interrogatories 7, 8, 9, 10, and 11: The facts underlying Defendant's affirmative defenses.

   b. Request for Production No. 3: Communications with DEQ and/or the EPA and/or other oversight agencies regarding storage, discharge, or retention of wastewater over the past five (5) years.

   c. Request for Production 7(f): Disciplinary and/or termination records for employees of Defendant disciplined or terminated for the same or similar reasons as Plaintiff over the past five (5) years, with contact information for them.

   d. Request for Production 14: Job description, standards, performance expectations, and position postings for Plaintiff's job position.

   e. Request for Production 17: Personnel documents for decision makers and similarly situated individuals.

---

[2] Plaintiff has redacted confidential information from these responses pursuant to the protective order, however if the Court desires can file an unredacted copy under seal. The redacted information is not material to the determination of this motion.

2

f.  Request for Production 32: Communications, citations, or instructions to or from Defendant from DEQ regarding wastewater.

g.  Request for Production 34: Communications, citations, or instructions to or from Defendant from any governmental or regulatory agency regarding wastewater.

7.  Because this information is necessary to prepare Plaintiff's case, Plaintiff requests this Court require responses in full.

## ARGUMENT AND AUTHORITY

Per 12 O.S. § 3226(B)(1), "Parties may obtain discovery regarding any matter, not privileged, which is relevant to any party's claim or defense, reasonably calculated to lead to the discovery of admissible evidence and proportional to the needs of the case." Discovery is intentionally broad so that no party is at a disadvantage in preparing their case for trial, as extensively discussed in *State ex rel. Protective Health Servs. v. Billings Fairchild Ctr., Inc.*, 2007 OK CIV APP 24, ¶¶17-6-P19, 158 P.3d 484, 489-90:

> Civil trials no longer are to be conducted in the dark. Discovery, consistent with recognized privileges, provides for the parties to obtain the fullest possible knowledge of the issues and facts before trial. *Rozier v. Ford Motor Co.*, 573 F.2d 1332, 1346 (5th Cir. 1978). 'The aim of these liberal discovery rules is to 'make a trial less a game of blind man's bluff and more a fair contest with the basic issues and facts disclosed to the fullest practicable extent.'" *Id.* Discovery by interrogatory requires candor in responding. *Dollar v. Long Mfg.*, 561 F.2d 613, 616 (5th Cir.1977); *West v. Cajun's Wharf, Inc.*, 1988 OK 92, P13, 770 P.2d 558, 562. The Oklahoma Supreme Court has granted a new trial due to a failure to provide complete information and supplementation of discovery requests. *West*, 1988 OK 92 at P21, 770 P.2d at 564. . . .

3

The Oklahoma Discovery Code closely tracks the Federal Rules of Civil Procedure, so federal decisions provide guidance. *West*, 1988 OK 92 at P13, 770 P.2d at 562. In ***Thomason v. Leiter***, 52 F.R.D. 290 (M.D. Ala. 1971), examination of questions propounded by defendants and plaintiffs' answers thereto reflected that in each instance plaintiffs' answers were incomplete or evasive, so filing of further and unambiguous answers to such questions was ordered.

Here, [Plaintiff]'s interrogatories followed the language of the Discovery Code. All information available to [Defendants] must be supplied, including information possessed by, or within knowledge of, BFC's attorney, investigators, experts, and agents or representatives. *Wycoff v. Nichols*, 32 F.R.D. 370 (W.D. Mo. 1963). In ***Miller v. Doctor's General Hosp.***, 76 F.R.D. 136 (W.D. Okla. 1977). . . Defendant objected to [an] Interrogatory on the grounds that it sought to elicit privileged information and medical information which Defendant was not qualified to give. The Court sustained a motion to compel additional answers, ruling:

> This is an insufficient answer. . . . In the interest of narrowing the issues and ascertaining the facts relevant thereto, the Court should not permit answers to interrogatories that are incomplete, inexplicit and unresponsive. . . . The answers to interrogatories must be responsive, full, complete and unevasive. The answering party cannot limit his answers to matters within his own knowledge and ignore information immediately available to him or under his control. . . . If an appropriate interrogatory is propounded, the answering party will be required to give the information available to him, if any, through his attorney, investigators employed by him or on his behalf or other agents or representatives, whether personally known to the answering party or not. . . . If the answering party lacks necessary information to make a full, fair and specific answer to an interrogatory, it should so state under oath and should set forth in detail the efforts made to obtain the information. . . .

*Miller*, 76 F.R.D. at 139-40 (citations omitted).

In responding to discovery "the parties. . . have a duty to provide true, explicit, responsive, complete and candid answers." ***Chubb Integrated Systems v. Nt'l Bank of Wash.***, 103 F.R.D. 52, 61 (D.D.C.1984). "[N]arrowing the issues and eliminating surprise are goals

4

of discovery." *Hernandez v. George*, 793 F.2d 264, 267 (10th Cir. 1986).  This requires explicit, non-evasive answers.

Moreover, courts consistently recognize that "[w]hen evidence [of discrimination] is in existence, it is likely to be under the control of the employer, and the plaintiff may not succeed in turning it up." *MacDonald v. Eastern Wyoming Mental Health Center*, 941 F.2d 1115, 1118 (10th Cir. 1991) (quoting *La Montagne v. American Convenience Products, Inc.*, 750 F.2d 1405, 1410 (7th Cir. 1984)).  In the context of discovery, the Court must "realize that an employee can be at a disadvantage when it comes to the collection of information, insofar as the relevant data is in the hands of the employer." *Bilow v. Much Shelist Freed Denenberg Ament & Rubenstein, P.C.*, 277 F.3d 882, 895 (7th Cir. 2001).

With these standards in mind, Plaintiff will address the specific requests in issue.[3]

## A. – Material Facts Underlying Defendant's Affirmative Defenses

Defendant has asserted multiple affirmative defenses in Answer to Plaintiff's lawsuit. However, Defendant provided no factual basis for such affirmative defenses in its Answer. Thus, Plaintiff issued a discovery request seeking the material facts for several of Defendant's defenses, at Ints. 7, 8, 10, 11, and 12.[4] However, in response to every single request for facts, Defendant as responded:

---

[3] Plaintiff acknowledges that many of his citations are to federal authority, however, "Oklahoma obtained its discovery code from the Federal Rules of Civil Procedure [and] we will examine the federal cases construing Rule 26" in applying Oklahoma's discovery code. *Hall v. Goodwin*, 775 P.2d 291, 293 (Okla. 1989). *Also Ellison v. Gray*, 702 P.2d 360, 363 (Okla. 1985).

[4] Defendant has incorporated the factual basis underlying its alleged legitimate, non-discriminatory and non-retaliatory reasons for terminating Plaintiff, Int. 9, so Plaintiff does not

Defendant City objects to this Interrogatory because it seeks information protected by the attorney client privilege and/or work product because Defendant City's attorney prepared the Defendant City's defenses section of the Answer.

Respectfully, this is response is deliberately evasive and wholly inappropriate for several reasons. First, *facts* underlying a legal theory are not privileged, and Defendant must disclose its good faith basis for alleging these defenses. If there are no facts supporting a defense's inclusion – it should not have been included at all. Secondly, *if* there were any privilege as to any fact asserted, Defendant has waived it by placing the facts into issue as part of its defenses. Thirdly, allowing Defendant to refuse to provide even a single fact for its assertions amounts to allowing a trial by ambush.

> It is elementary that a party must as a matter of course have the right to inquire into the factual bases of allegations contained in the opponent's pleadings. *See e.g. Hughes v. Groves,* 47 F.R.D. 52, 57 (W.D.Mo.1969): *Lance, Inc. v. Ginsburg,* 32 F.R.D. 51, 52 (E.D.Pa.1962). Such inquiries are by definition relevant to issues raised in the case. There can be no viable claim of oppressiveness, for having pleaded certain facts, it may be assumed that the pleader is in a position to furnish the details upon which he relied in making the allegation. *RCA Mfg. Co. v. Decca Records, Inc.,* 1 F.R.D. 433, 435 (S.D.N.Y.1940). And even assuming that the facts in question may be covered by an assertable privilege. . . it is only just to conclude that by pleading at bar to matters involving those particular facts, the party so pleading has chosen to forego its privilege in favor of proving those allegations as part of its case. Because it would be fundamentally unfair to permit a party to withhold information relevant to allegations which it has itself made and the issues thereby raised, the party must choose between its allegations and its privilege. *See Awtry v. United States,* 27 F.R.D. 399, 402-03 (S.D.N.Y.1961); *Independent Productions Corp. v. Loew's, Inc.,* 22 F.R.D. 266, 276-277 (S.D.N.Y.1958).

---

seek to compel information as part of this motion. However, if any information has been withheld under Defendant's objections, Plaintiff would incorporate this request into this motion.

*Dow Chemical Co. v. Taylor,* 1974 WL 1294 at * 2 (E.D.Mich. July 1, 1974).

Particularly as to affirmative defenses or denials, such pleadings are subject to 12 O.S. § 2011 standards requiring a reasonable investigation.  Plaintiff is entitled to know the facts presently available which led the Defendant to make the denial or raise the affirmative defense.  It is not appropriate for the Defendant to raise every matter conceivable without regard to whether there is a supporting factual basis.[5]  See *Arbuckle Wilderness, Inc. v. KFOR-TV, Inc.,* 149 F.R.D. 209, 212 (W.D.Okla. 1993) (Alley, J.):

> Under Rule 11, the signer of a complaint or other pleading certifies that he has conducted a 'reasonable inquiry' into the factual and legal basis for the filing, and that the substance of the pleading is well grounded in fact and law. *Coffey v. Healthtrust, Inc.,* 955 F.2d 1388, 1393 (10th Cir.1992).  The Court applies an objective standard in making Rule 11 determinations and considers whether a reasonable and competent attorney would believe in the merits of an argument. *Dodd Ins. Servs., Inc. v. Royal Ins. Co. of Am.,* 935 F.2d 1152, 1155 (10th Cir.1991).  If an attorney does not conduct the requisite 'reasonable inquiry', sanctions are not only justified but must be imposed. *See* Fed.R.Civ.P. 11 (emphasis added) ('[i]f a pleading. . . is signed in violation of [Rule 11], the court. . . *shall* impose upon the person who signed it. . . an appropriate sanction. . . .'); *Marley v. Wright,* 137 F.R.D. 359, 367 (W.D.Okla.1991), *aff'd,* 968 F.2d 20 (10th Cir.1992).
>
> * * *
>
> [T]he Court [will not approve] filing now and discovering later.  *See Redmond v. City of Overland Park,* No. 86-2217, 1987, U.S.Dist. LEXIS 12633, at *7 (D.Kan. Dec. 15, 1987) ('[I]f Rule 11 is to have any meaning, this shotgun approach to pleading "where the pleader heedlessly throws a bit of everything into his complaint in the hopes that something will stick' must be discouraged.' (quoting *Rodgers v. Lincoln Towing Serv.,* 569 F.Supp. 13, 27 (N.D.Ill.1984), *aff'd,* 771 F.2d 194 (7th Cir.1985)). . ."

---

[5] The purpose of discussing the requirements of § 2011 is not to emphasize a request for sanctions, but rather to point out that the Defendant has some duty in filing an answer to the Complaint to not raise defenses that are conceivable but which are factually unsupported.

Furthermore, the purpose of discovery is to narrow the issues and this must include the elimination of unfounded defenses and the admission of undisputed facts. *See Miller v. Doctor's General Hospital*, 76 F.R.D. 136, 140 (W.D.Okla. 1977).

Defendant objects to answering these interrogatories on the basis of an unspecified privilege, however Defendant has wholly failed to provide foundational facts explaining why such claim of privilege is appropriate. *See Peat, Marwick, Mitchell & Co. v. West*, 748 F.2d 540, 542 (10th Cir. 1984) *cert den* 429 U.S. 886 (emphasis supplied):

> . . .A party seeking to assert a privilege must make a clear showing that it applies. Failure to do so is not excused because the document is later shown to be one which would have been privileged if a timely showing had been made. Even though it does not seem seriously disputed that the privilege would have attached if the objection had been timely and adequately asserted, that such a showing had not been made when the trial court was called upon to make its ruling defeats the privilege. It is not enough that a document would have been privileged if an adequate and timely showing had been made. The applicability of the privilege turns on the **adequacy** and **timeliness** of the showing as well as on the nature of the document. . .

No privilege log establishing the foundational facts has been submitted and thus, any claim of privilege must be deemed waived.

> To satisfy the burden established by Rule 26(b)(5), the party asserting the privilege must provide a privilege log that describes in detail the documents or information claimed to be privileged and the precise reasons the materials are subject to the privilege asserted. *See McCoo v. Denny's, Inc.*, 192 F.R.D. 675, 680 (D.Kan.2000). The information provided in the privilege log must be sufficient to enable the court to determine whether each element of the asserted privilege is satisfied. *Id.* . . .

*Horton v. United States*, 204 F.R.D. 670, 673 (D.Colo. 2002). "To withhold materials without [providing notice as described in Rule 26(b)(5)] is contrary to the rule, subjects the

8

party to sanctions under Rule 37(b)(2), and may be viewed as a waiver of the privilege . . ." Fed. R. Civ. P. 26(b)(5) advisory committee's note (1993).   ***Accord Cotracom Commodity Trading Co. v. Seaboard Corp.***, 189 F.R.D. 655, 661 (D. Kan. 1999) (failure to comply with privilege log requirement may result in waiver of privilege).

More to the point, however, is that there is no privilege for the information sought. Plaintiff desires to know the factual basis for Defendant's asserted affirmative defenses. There is no privilege as to facts either under the attorney-client privilege or the work-product doctrine. ***See Hoffman v. United Telecommunications, Inc.,*** 117 F.R.D. 436, 439, 444 (D.Kan. 1987):

> The work-product doctrine does not protect from disclosure '"facts that the adverse party's lawyer has learned, or the persons from whom he has learned such facts, or the existence or non-existence of documents, even though the documents themselves may not be subject to discovery."' ***Casson Construction Co., Inc. v. Armco Steel Corp.,*** 91 F.R.D. 376, 385 (D.Kan.1980) [quoting C. Wright and A. Miller, Federal Practice and Procedure, § 2023 at 194 (1970)].
>
>          *          *         *
>
> . . .The attorney-client privilege extends to communications, but to not all facts which may be learned in the course of such communications. ***Casson Construction Co., Inc. v. Armco Steel Corp.,*** 91 F.R.D. 376, 384 (D.Kan.1980). Likewise, the work-product doctrine does not protect against the disclosure of facts or the identity of persons from whom the facts are learned. . .

The Tenth Circuit has endorsed this rule. ***See Resolution Trust Corp. v. Dabney,*** 73 F.3d 262, 266 (10th Cir. 1995):

> Because the work product doctrine is intended only to guard against divulging the attorney's strategies and legal impressions, it does not protect facts concerning the creation of work product or facts contained within work

product.  *Feldman v. Pioneer Petroleum, Inc.,* 87 F.R.D. 86, 89 (W.D.Okla. 1980). . .

Further, to be privileged "communications must originate in a ***confidence*** that they will not be disclosed."  23 Wright & Graham, ***Federal Practice and Procedure: Evidence*** § 5422, pg. 671 (citing 8 **Wigmore, Evid.** McNaughton rev. 1961 § 2285, pg. 527).  The intention must be to withhold disclosure *forever;* not merely to delay disclosure for a tactical advantage or surprise.  "The underlying rationale is one of fairness." ***Central Soya Co., Inc. v. Geo. A. Hormel & Co.,*** 581 F.Supp. 51, 53 (W.D.Okla. 1982).  When a privilege is successfully invoked, the party raising the privilege loses the right to use that information thereafter.  *See **S.E.C. v. Thomas,*** 116 F.R.D. 230, 234 -235 (D.Utah 1987):

> In ***Securities and Exchange Commission v. Cymaticolor Corp.,*** 106 F.R.D. 545 (S.D.N.Y.1985) the defendant declined to answer a number of interrogatories on fifth amendment grounds, but included a statement that he reserved the right to waive his fifth amendment privilege at a later time, and to answer the interrogatories. In that case the court, in effect, ordered that the defendant could not have it both ways, holding that if the defendant claims a privilege against self- incrimination he must stick with that choice. The court ordered that the defendant could not save until trial revelation of the information as to which he had invoked fifth amendment rights. . . .

*Accord **Winton v. Bd of Cmrs, Tulsa Cnty, Okla.,*** 188 F.R.D. 398 (N.D.Okla. 1999) ("As a consequence of that choice [to invoke a claim of privilege], Defendants will not be permitted to use any of these documents at trial for any purpose.").  *Cf. **Marathon Ashland Pipe Line, LLC v. Maryland Casualty Co.,*** 243 F.3d 1232, 1253 (10th Cir. 2001)  (a party may not avoid discovery by invoking a privilege and then waive that privilege at trial and

10

the trial court should "faithfully enforce its order that [a party] may not enter anything into evidence at trial concerning matters about which it claimed a privilege.").

Thus, assuming a privilege could properly be asserted, this Court would thereafter to obligated to preclude the Defendant from offering any of the evidence supporting its affirmative defenses from consideration in relation to summary judgment or trial.

**WHEREFORE**, Defendant must be compelled to provide full and complete answers to Plaintiff's Interrogatories 7, 8, 10, 11, and 12.

## B. – Defendant's Temporal Limitation Must be Rejected

As to all of Plaintiff's requests, Defendant has expressly refused to provide any information or documents other than the period of Ryan Wallace's "administration" through Plaintiff's termination, which is June 1, 2018 through January 30, 2019. Plaintiff staunchly disagrees that this is the only period during which relevant information exists, and this has been recognized by multiple courts.

Plaintiff and case law disagree that actions taken before and after Plaintiff's employment and termination can be directly relevant to assessing the claim, and a five-year period has been presumptively established as appropriate in employment cases. *See Chicano Police Officer's Ass'n v. Stover,* 526 F.2d 431, 438-39 & n. 6 (10th Cir. 1975) (compiling cases and determining a five year period to be generally appropriate); *McAlester v. United Air Lines, Inc.,* 851 F.2d 1249, 1257 (10th Cir. 1988) (admission of terminations "for the years 1977 through 1981" relevant), and *Flanagan v. Travelers Ins. Co.,* 111 F.R.D. 42, 47 (W.D.N.Y.1986) ("five-year time span is not overbroad). *See also Horizon Holdings,*

*LLC v. Genmar Holdings, Inc.,* 209 F.R.D. 208, 212 (D.Kan. 2002) ("In the context of employment discrimination cases, courts have held that discovery of information both before and after the liability period may be relevant and/or reasonably calculated to lead to the discovery of admissible evidence; thus, courts commonly extend the scope of discovery to a reasonable number of years both prior to and following such period." (Compiling cases and allowing for "a period of three years prior to the time the discriminatory conduct was alleged to have occurred and two years after the discriminatory conduct was alleged to have occurred is reasonable and not overly broad." At 212-13). Thus, presumptively, Plaintiff's time limitation is appropriate.

In the Title VII context, it is well settled that pattern and practice evidence is relevant and discoverable, as it can show defendant-employers having knowledge and/or intent to discriminate or retaliate. *See Miller v. Regents of Univ. of Colo.,* 188 F.3d 518 (10th Cir. 1999) (Table, text in Westlaw) (unpublished) (some internal citations omitted) 1999 WL 506520 at * 13, 14:

> [W]e must address some concerns we have with the district court's analysis regarding relevancy. Under the federal rules, a party may obtain discovery of 'any matter, not privileged, which is relevant to the subject matter involved in the pending action.' Fed.R.Civ.P. 26(b)(1). Of course, information need not be admissible to be considered relevant for discovery purposes. Rather the information sought must 'appear[] reasonably calculated to lead to the discovery of admissible evidence.' *Id.* . . .
> [I]n a hostile environment claim. . . . evidence of conduct he or she was unaware of. . . . may be relevant to establishing. . . discriminatory intent. *See Spulak v. K Mart Corp.,* 894 F.2d 1150, 1156 (10th Cir. 1990) (holding the testimony of other employees about their treatment by the defendant is relevant to the issue of discriminatory intent). The relevance of such testimony is not affected by the plaintiff's knowledge of conduct because it is offered to show

12

the defendant's state of mind rather than the plaintiff's experiences in the
workplace. . . .
  Conduct the plaintiff was unaware of might also be relevant to prove an
employer's liability for sexual harassment by one of its employees. . . .
Evidence of a supervisor's harassment of other women may be relevant to
establish employer liability [because the employer knew or should have known
of the conduct and failure to respond appropriately] even if the plaintiff was
unaware of it. . . In addition, a supervisor's conduct may be relevant. . . to rebut
the employer's affirmative defense that it exercised reasonable care to prevent
and correct the supervisor's behavior. . .

Here, as in a sexual harassment case, evidence of Defendant's knowledge and

practices regarding the wastewater capacity of the lagoons is directly relevant to Plaintiff's

claims. Indeed, Plaintiff has specifically alleged that he was instructed by Wallace to do as

the City had done before – discharge the water. If any documentation of this practice exists,

it is relevant to this matter and lends credibility to Plaintiff's claims, as well as Defendant's

motives.

In cases where the issue is the defendant's intent, such as this one, it is well-established

that both prior and subsequent events are probative. "[W]hen intent, as distinguished from

knowledge, is being established, it matters not whether the acts are prior or subsequent." *Roe*

*v. United States*, 316 F.2d 617, 621 (5th Cir. 1963). "A subsequent act, as well as a prior act,

can be used to show intent under Rule 404(b)." *United States v. Hurley*, 755 F.2d 788, 790

(11th Cir. 1985). "[S]ubsequent events may be probative of a defendant's motive or intent at

an earlier time." *United States v. Donovan*, 984 F.2d 507, 512 (1st Cir. 1993). Thus, "the

established judicial rule of evidence [is] that testimony of prior or subsequent transactions

which for some reason are barred from forming the basis for a suit, may nevertheless be

introduced if it tends reasonably to show the purpose and character of the particular transaction under scrutiny." *Federal Trade Com'n v. Cement Institute,* 333 U.S. 683, 705 (1948).

**WHEREFORE**, Defendant's arbitrary limitation to a discovery period of only seven (7) months must be overruled.

## C. – Communications Regarding Wastewater, or its Storage, Discharge, or Retention

Plaintiff has requested communications with any governmental or regulatory oversight agency regarding the storage, discharge, or retention of wastewater for the past five (5) years (Request for Production 3), as well as any communications, citations, or instructions to or from Defendant regarding Wastewater (Requests for Production No. 32 and 34). Defendant has agreed to produce responsive documents in part, i.e., for the time period of Ryan Wallace's administration at Defendant, which is June 1, 2018, through Plaintiff's termination on January 29, 2019. Respectfully, this provides an incomplete picture of the facts.

Defendant has objected to this request as overly broad and unduly burdensome, and on grounds of relevance. Respectfully, this information is vital to Plaintiff's case, is directly relevant to Defendant's practices on wastewater retention, and on Plaintiff's claims.

As to burden and breadth, Defendant has identified **no** facts for its assertion. This failure to provide a basis for its objection amounts to a waiver of the objection altogether.

> 'The familiar litany of general objections, including overly broad, burdensome, oppressive will not alone constitute a successful objection  [5] to an interrogatory nor will a general objection fulfill the objecting party's burden to explain its objections.' *Hammond v. Lowe's Home Centers, Inc.,* 216 F.R.D. 666, 672 (D. Kan. 2003). Instead, '[t]he objecting party must show specifically

how, despite the broad and liberal construction afforded the federal discovery rules, each question is overly broad, burdensome, or oppressive by submitting affidavits or offering evidence revealing the nature of the burden.' *Id.*

*Price v. Leflore County Det. Ctr. Pub. Trust,* 2014 WL 3672874 (E.D. Okla. July 23, 2014).

It is entirely unclear why Defendant could search for and produce records for the limited time period of June 1, 2018 through January 30, 2019, but it was suddenly unduly burdensome to change the time frame (not the subject) to include 2016 and 2020. Presumably, the same search engine utilized to respond in part could also be utilized to respond in full. Thus, Defendant's objection based upon burden and breadth must be overruled.

As to relevance, although disputed by Defendant, Plaintiff's facts are that Defendant directed Plaintiff to "open the lagoons" to discharge water, as this had been done before. ***See*** Plaintiff's petition, para. 19. Defendant's refusal to provide communications regarding retention, discharge, or storage of the wastewater for the time period prior to Mr. Wallace's "administration" *is* relevant, as the pattern and practices of Defendant are in issue, and provide credibility to Plaintiff's story, or to undercut Defendant's outright denial of such prior instances.

**WHEREFORE,** Defendant must be compelled to respond in full to Plaintiff's Requests for Production No. 3, 32, and 34.

## D. – Personnel Documents for Similarly Situated Employees and Decision Makers

At Request for Production No. 17, Plaintiff requested personnel documents[6] for five categories of people, which are not mutually exclusive: decisionmakers on Plaintiff's termination, Ryan Wallace (who is the decisionmaker identified by Defendant), employees who held the same position as Plaintiff since 2013, employees who were disciplined or fired for the same reason(s) as Plaintiff since 2013, and employees who made complaints regarding storage, retention, or discharge of wastewater since 2013. Each of these categories are potential witnesses, and would qualify as similarly situated employees.

Defendant raised a litany of objections, including: overbreadth, unduly burdensome, not calculated to discovery of admissible evidence, and not appropriately limited in time. Defendant contends the only time period Plaintiff may conduct discovery is during Ryan Wallace's administration at Defendant and through Plaintiff's termination, or June 1, 2018 through January 30, 2019, which is addressed above.[7]

As with its earlier objections, Defendant has provided absolutely no facts to support its breadth and burden objections. As explained above and by many courts, this is improper.

> . . . Rule 26(g) also was enacted over twenty-five years ago to bring an end to the equally abusive practice of objecting to discovery requests

---

[6] Personnel documents is defined to include contact and identification information; job titles, duties, and dates of employment; complaints regarding wastewater storage, retention, and discharge; formal and/or informal disciplinary or coaching actions; performance appraisals and evaluations; and training regarding disciplinary policies and rules regarding wastewater. Plaintiff specifically *excluded* information pertaining to tax withholdings, benefits, medical records, or identification of spouses and children. Regardless, such information would be deemed confidential under the agreed protective order entered in this matter.

[7] Defendant has provided *some* contact information for potential witnesses, however Defendant has not even identified which potions of this request have been responded to and which have not.

16

reflexively-but not reflectively-and without a factual basis. The rule and its commentary are starkly clear: an objection to requested discovery may not be made until after a lawyer has 'paused and consider[ed]' whether, based on a 'reasonable inquiry,' there is a 'factual basis [for the] . . . objection.' Fed. R. Civ. P. 26(g) advisory committee's notes to the 1983 amendments. Yet, as in this case, boilerplate objections that a request for discovery is 'overboard and unduly burdensome, and not reasonably calculated to lead to the discovery of material admissible in evidence,' . . . persist despite a litany of decisions from courts, including this one, that such objections are improper unless based on particularized facts. *See, e.g., A. Farber & Partners, Inc. v. Garber*, 234 F.R.D. 186, 188 (C.D. Cal. 2006); *Hall* [*v. Sullivan*], 231 F.R.D. [468 (D. Md. 2005)] at 470; *Wagner v. Dryvit Sys. Inc.*, 208 F.R.D. 606, 610 (D. Neb. 2001) (citing *Roesberg v. Johns-Manville Corp.*, 85 F.R.D. 292, 296-97 (E.D. Pa. 1980)); *Thompson v. HUD*, 199 F.R.D. 168, 173 (D. Md. 2001); *Marens v. Carrabba's Italian Grill, Inc.*, 196 F.R.D. 35, 38 (D. Md. 2000) (citing *Tucker v. Ohtsu Tire & Rubber Co.*, 191 F.R.D. 495, 498 (D. Md. 2000) (citations omitted); *Kelling v. Bridgestone/Firestone, Inc.*, 157 F.R.D. 496, 497 (D. Kan. 1994); *Eureka Fin. Corp. v. Hartford Accident & Indem. Co.*, 136 F.R.D. 179, 182-83 (E.D. Ca. 1991); *Willemijn Houdstermaatschaapij BV v. Apollo Computer, Inc.*, 707 F. Supp. 1429, 1439-40 (D. Del. 1989)); *Momah v. Albert Einstein Med. Ctr.*, 164 F.R.D. 412, 417 (E.D. Pa. 1996); *Obiajulu v. City of Rochester, Dept. of Law*, 166 F.R.D. 293, 295 (W.D.N.Y. 1996); *Harding v. Dana Transport, Inc.*, 914 F. Supp. 1084, 1102 (D.N.J. 1996).

It would be difficult to dispute the notion that the very act of making such boilerplate objections is *prima facie* evidence of a Rule 26(g) violation, because if the lawyer had paused, made a reasonable inquiry, and discovered facts that demonstrated the burdensomeness or excessive cost of the discovery request, he or she should have disclosed them in the objection, as both Rule 33 and 34 responses must state objections with particularity, on pain of waiver. Fed R. Civ. P. 33(b)(4) ('The grounds for objecting to an interrogatory must be stated with specificity. Any ground not stated in a timely objection is waived unless the court, for good cause, excuses the failure.'); *see also Beverly v. Depuy Orthopaedics, Inc.*, No. 3:07-CV-137 AS, 2008 U.S. Dist. LEXIS 327, 2008 WL 45357, at *2 (N.D. Ind. 2008) ('An underdeveloped argument, or argument not raised at all, is a waived argument.'); *DL v. District of Columbia*, 251 F.R.D. 38, 43 (D.D.C. 2008) ('When faced with general objections, the applicability of which to specific document requests is not explained further, "[t]his Court will not raise objections for [the responding party]," but instead will "overrule [] [the responding party's] objection[s] on those grounds."') (quoting *Tequila*

17

*Centinela, S.A. de C.V. v. Bacardi & Co., Ltd.*, 242 F.R.D. 1, 12 (D.D.C. 2007)); *Johnson v. Kraft Foods North America, Inc.*, 236 F.R.D. 535, 538 (D.C. Kan. 2006) ('The Court . . . holds that a general objection which objects to a discovery request "to the extent" that it asks the responding party to provide certain categories of documents or information is tantamount to asserting no objection at all. In other words, such a general objection does not preserve the asserted challenge to production.'); *Hall*, 231 F.R.D. at 473-74 (objections to Rule 34 document production requests must be stated with particularity or are waived); *Swackhammer v. Sprint Corp. PCS*, 225 F.R.D. 658, 660-61 (D. Kan. 2004) ('This Court has on several occasions disapproved of the practice of asserting a general objection 'to the extent' it may apply to particular requests for discovery. This Court has characterized these types of objections as worthless for anything beyond delay of the discovery. Such objections are considered mere hypothetical or contingent possibilities, where the objecting party makes no meaningful effort to show the application of any such theoretical objection to any request for discovery. Thus, this Court has deemed such ostensible objections waived or [has] declined to consider them as objections.') (quoting *Sonnino v. Univ. of Kan. Hosp. Auth.*, 221 F.R.D. 661, 666-67 (D. Kan. 2004) (internal quotations and citations omitted)).

*Mancia v. Mayflower Textile Servs. Co.*, 253 F.R.D. 354, 358-59 (D.Md. 2008). Plaintiff specifically requested information to clarify these objections in his correspondence (when requesting the discovery conference and in the letter recapping the discussion, as well as during the conference), but Defendant has deliberately failed to respond.

For example, there is no information on how many people are implicated by any of these categories. At least the first two are only 1 person: Ryan Wallace. Cetainly that cannot be considered a burden – providing just one personnel file. Further, Defendant cannot claim it is a huge burden to produce personnel files for other employees – which it is required by law to maintain – without identifying how many people are responsive to the requests. Even if the number of employees implicated is provided, additional information would still be required to assess the burden: how are the files stored such that it is so difficult to access the

information? How long is it expected to take to locate and produce the files? Are the files already maintained digitally, and if so, why is it so burdensome to gather the information? How long is it expected to gather the files and review them, and how many people would be available to do it? Defendant has provided no specificity to support its objection, and its failure to do so amounts to a waiver of the objection entirely. Indeed,

> As the party asserting the objection, Defendant has "'the burden to show facts justifying [its] objection by demonstrating that the time or expense involved in responding to requested discovery is unduly burdensome.'" Additionally, Defendant must show "'not only undue burden or expense, but that the burden or expense is unreasonable in light of the benefits to be secured from the discovery.'" This imposes an obligation "'to provide sufficient detail in terms of time, money and procedure required to produce the requested documents.'" Any objections that discovery is unduly burdensome must contain a factual basis for the claim,n13 and the objecting party must usually provide an "affidavit or other evidentiary proof of the time or expense involved" in responding to the discovery request.

*Shoemake v. McCormick*, 2011 U.S. Dist. LEXIS 131736, *9 (D. Kan. Nov. 15, 2011). No such information has been provided despite at least three requests to do so. At this point, Defendant must be considered to have waived this objection entirely, and must be compelled to produce the responsive documents.

Defendant additionally raises issue with relevance of these documents. In fact, there are many potential uses for these documents. First, to determine whether Plaintiff was treated the same as other employees who have been disciplined for the same reasons. Additionally, there is an issue (that Defendant has raised) with Plaintiff's reporting and qualifications alleged. "[P]ersonnel files of. . . employees who plaintiff claims were hired or promoted in discriminatory preference over him" are discoverable because "[t]he qualifications and job performance of these employees in comparison with the plaintiff's qualifications and

performance is at the heart of this controversy." *Weahkee v. Norton,* 621 F.2d 1080, 1082 (10th Cir. 1980) (reversing denial of such discovery as prejudicial). It is vital to determine whether employees in the same position held the same qualifications (or not) in assessing this issue. Thus, qualifications and trainings of the employees before and after Plaintiff in the same job position are directly relevant to this case.

Similarly, if other individuals have made complaints regarding the storage and/or discharge of wastewater and were also terminated from employmnent, such evidence would tend to show a pattern and practice of Defendant to cover up its retaliatory actions. This would be highly probative of intent. But Defendant's refusal to provide information outside of Wallace's supervision of Plaintiff precludes even assessing this argument. Defendant must be compelled to respond within the time periods requested.

As to the qualifications of other employees performing the same job as Plaintiff, Defendant has made this an issue in the case. Defendant alleges a reason for termination of Plaintiff was his failure to maintain proper licensing. However, Plaintiff believes his successor did not have the license, and evidence showing this would tend to disprove Defendant's reasoning for termination of Plaintiff. Similarly, if Defendant did not require previous employees to maintain the license, it would undermine such reason for termination. Thus, the personnel files of other employees in the same position are directly relevant to the issues in this case, and limiting Plaintiff to only his personnel file is improper.

As to Ryan Wallace's personnel file, there is no doubt his records of discipline and training and/or evaluations may prove directly relevant to this matter. "If. . . the individual is alleged to have engaged in the discrimination or harassment at issue or played an important

role in the employment decision or incident that gives rise to the lawsuit, the personnel file will be considered relevant and/or reasonably calculated to lead to the discovery of admissible evidence, and therefore discoverable." *McCoo v. Denny's Inc.,* 192 F.R.D. 675, 687 (D.Kan. 2000) (*cited with approval in Griffith v. Wal-Mart Stores, Inc.,* 163 F.R.D. 4, 5 (E.D.Ky. 1995)). Wallace's training and/or discipline regarding matters involving wastewater are directly relevant to this case.

**WHEREFORE**, Defendant must be required to provide all responsive personnel files requested.

### E. – The Job Description, Standards, and Job Postings for Plaintiff's Position

Plaintiff requested Plaintiff's job description, performance standards, qualifications, and job postings for a five-year period at Request for Production 14. Defendant has asserted the same temporal objection (to Wallace's administration through Plaintiff's termination), but has failed to even produce the job description that applied to Plaintiff – instead providing a description for the position as it was posted *after* Plaintiff's termination. Defendant again objects as to relevance and burden, but has again provided no fact at all to support such objections. As explained above, this must amount to a waiver.

Given that Defendant has alleged Plaintiff's qualifications were not proper to maintain the position, Plaintiff's job description and performance standards are directly relevant to this case. Defendant must be compelled to provide a full response to this request. Similarly, the job description before and after his termination is also relevant, as changes made to the qualfications for the position would evidence motive as well.

21

Plaintiff additionally seeks any job posting for Plaintiff's position, which is relevant because timing of the posting may tend to show the job was posted in retaliation for Plaintiff's complaints regarding wastewater storage and/or discharge.

**WHEREFORE**, Defendant must be compelled to provide Plaintiff's job description, performance standards, qualifications, and job postings.

**RESPECTFULLY SUBMITTED THIS 5th DAY OF ~~MAY~~ JUNE 2020.**

D. Colby Addison, OBA #32718
Leah M. Roper, OBA #32107
THE CENTER FOR EMPLOYMENT LAW
1133 N. Portland Ave
Oklahoma City, OK 73107
Telephone:   405.252.1180
Leah@CenterForEmploymentLaw.com
Colby@CenterForEmploymentLaw.com
ATTORNEYS FOR PLAINTIFF

## ATTORNEY LIEN CLAIMED

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing instrument was: ( X ) mailed via U.S. Mail; (  ) certified, with return receipt requested; (  ) hand delivered; (  ) transmitted via facsimile; and/or ( ) e-mail on this 5th day of ~~May~~ JUNE, 2020 to the following:

Ambre C. Gooch
Jordan Miller
Collins, Zorn & Wagner, PC
429 NE 50th, 2nd Floor
Oklahoma City, OK 73105
acg@czwlaw.com
jlm@czwlaw.com
ATTORNEY FOR DEFENDANT

IN THE DISTRICT COURT OF LOGAN COUNTY
STATE OF OKLAHOMA

TRENT NERE,                          )
                                     )
          Plaintiff,                 )
                                     )
v.                                   )        Case No. CJ-2019-203
                                     )
CITY OF CRESCENT,                    )        JURY TRIAL DEMANDED
                                     )
          Defendant.                 )

## DEFENDANT'S RESPONSE TO PLAINTIFF'S
## FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

Defendant City of Crescent submits the following as its response to Plaintiff's First Request for Production of Documents.

**REQUEST FOR PRODUCTION NO. 1:**   Produce a copy of any agreement by which any insurance company may be required to satisfy all or any part of a judgment or indemnify or reimburse any judgment.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**   See attached Certificate of Coverage at Bates No. 3615-3618.

**REQUEST FOR PRODUCTION NO. 2:**   Produce all communications (including memos, emails, faxes, letters, text messages, etc.) to, from and/or between any of the persons identified in response to Interrogatory No. 2 and/or Plaintiff, discussing Plaintiff and/or materially related to Plaintiff's employment (as defined above) and/or materially related to retention, storage, or discharge of wastewater.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**   Defendant objects to Request for Production No. 2 as overly broad, overly burdensome, not reasonably calculated to lead to admissible evidence, not reasonably limited in time, and not proportional to the needs of



the case. Without waiving and subject to said objections, see attached communications (with attachments) between Ryan Wallace and DEQ, between Ryan Wallace and Trent Nere, or to or from Ryan Wallace concerning Trent Nere, that occurred between the time that Ryan Wallace took office as City Manager and the date of Trent Nere's termination, at Bates No. 3572-3573, 4277-4294, 4325-4329, 4332-4360, 4362-4365, and 4368-4407.

**REQUEST FOR PRODUCTION NO. 3:** Produce all communications (including memos, emails, faxes, letters, text messages, etc.) to, from and/or between Defendant and the Department of Environmental Quality, and/or the Environmental Protection Agency, and/or any other regulatory or oversight agency regarding the storage, discharge, or retention of wastewater for the past five (5) years.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 3:** Defendant objects to Request for Production No. 3 as overly broad, overly burdensome, not reasonably calculated to lead to admissible evidence, not reasonably limited in time, and not proportional to the needs of the case, as this time period concerns periods both before Ryan Wallace's administration, and after Plaintiff's termination.   Without waiving and subject to said objections, for communications from the time that Ryan Wallace took office until Plaintiff's termination, see documents provided in response to Request No. 2 above.

**REQUEST FOR PRODUCTION NO. 4:** Produce all city council meeting agendas (including any subcommittees or commissions) and minutes for meetings which included discussion materially related to Plaintiff's employment or termination by the City.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 4:** Defendant objects to Request for Production No. 4 as overly broad, overly burdensome, not reasonably calculated to

2

denials or matters in avoidance, then produce:

    A.    All warnings, notices, discipline, counseling or documents given to Plaintiff or included in the file of any of Defendant's employee regarding such matter;

    B.    Defendant's policy related to that matter including how such allegations are to be investigated;

    C.    Any policy statements related to the nature of the punishment to imposed for such matter;

    D.    All investigative, supporting or corroborative documents related to the misconduct attributed to Plaintiff;

    E.    For two years prior to Plaintiff's termination and through the present, records of similar infractions by any other employees of Defendant who are similarly situated[1] to Plaintiff together with the complete disciplinary records related to such matters and records showing:

        a.    the identity (name, home address, home phone number), job title, dates of employment and prior disciplinary history of such other employee;

        b.    the identity (name, home address, home phone number), job title, and dates of employment of the person(s) imposing such discipline.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**   Defendant objects to Request for Production No. 6 as overly broad, overly burdensome, not reasonably calculated to lead to admissible evidence, and not proportional to the needs of the case.   Without waiving and subject to said objections, see Responses to Requests No. 2, 4, and 5 above.

**REQUEST FOR PRODUCTION NO. 7:**   If any claimed work or performance

---

[1] Similarly situated for this request is intended to mean all person(s) who were subject to the same policies and/or practices as Plaintiff, and who reported to the same supervisor(s) as Plaintiff, regardless of work location.

4

deficiency, lack of qualification or ability attributed to Plaintiff played a role in the decisions affecting Plaintiff or is a part of your affirmative defenses, denials or matters in avoidance, then produce:

A.   All warnings, notices, discipline, counseling or documents given to Plaintiff or included in the file of any of Defendant's employee regarding such matter;

B.   Defendant's policy related to that matter including how such matters are to be investigated, reported, documented or counseled;

C.   Any policy statements related to the nature of the corrective or remedial action for matter;

D.   All investigative, supporting or corroborative documents related to each matter;

E.   All documents which contain information compiled by the company regarding this issue of performance whether or not that information pertains specifically to Plaintiff and/or which could be used to compare Plaintiff's performance in this area to that of other employees.  *As representative examples of what kind of information is sought, if plaintiff were accused of having to properly conducted an inventory or count, then all records related to inventory and counts should be produced; if plaintiff was accused of having failed to meet a quota or assignment, then all quotas, assignments and sales records relative to the same should be produced.*

F.   For two years prior to Plaintiff's termination and through the present, records of performance or qualification issues by any other employees of Defendant who either who the same or substantially similar job title as Plaintiff and any other persons whom Defendant asserts are similarly situated to Plaintiff together with the records showing:

   a.   the identity (name, home address, home phone number), job title, dates of employment and prior disciplinary history of such other employee;

   b.   the identity (name, home address, home phone number), job title, and dates

5

of employment of the person(s) enforcing such standards

**RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**   Defendant objects to Request for Production No. 7 as overly broad, overly burdensome, not reasonably calculated to lead to admissible evidence, and not proportional to the needs of the case.   Without waiving and subject to said objections, see Responses to Requests No. 2, 4, and 5 above.

**REQUEST FOR PRODUCTION NO. 8:**   For any and/or all investigation(s) (including investigations into Plaintiff's complaints or reports regarding wastewater disposal or discharge (internal and/or external) produce documents (including emails, memos, notes, etc.) showing:

A.   All complaints or reports made by Plaintiff;

B.   The dates such complaints or reports were made;

C.   The persons whom the complaints or reports were about;

D.   All investigations made into such complaints;

E.   All persons interviewed as part of such investigations (including all notes or other documents showing the questions asked by interviewers and responses provided by interviewees);

F.   The outcome of such investigations; and

G.   Any action taken in response to Plaintiff's complaints or reports and/or the information learned through such investigations.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**   Plaintiff made no complaints or reports regarding wastewater disposal or discharge to Defendant City, so there were no investigations into those nonexistent complaints or reports.

**REQUEST FOR PRODUCTION NO. 9:**   Produce all documents which materially relate to the information you provided in response to Plaintiff's interrogatories, including, but not limited to:

6

C.   Any documents showing the outcome of those complaints, reports, or charges.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 11:** Defendant objects to Request for Production No. 11 as overly broad, overly burdensome, not reasonably calculated to lead to admissible evidence, not sufficiently limited in time as requesting information prior to Ryan Wallace's administration and after Plaintiff's termination, and not proportional to the needs of the case.   Without waiving and subject to said objections, see Department of Environmental Quality Reports provided in Response to Request No. 5 above.

**REQUEST FOR PRODUCTION NO. 12:**   Produce each document or statement which may be identified or used wholly or in part, now or hereafter in:

A.   Any status or scheduling order including amendments or supplements thereto;

B.   Any witness list including amendments or supplements thereto;

C.   Any pretrial order including amendments or supplements thereto;

D.   Any evidentiary motion or brief, including reply or supplemental briefs;

E.   In the course of any deposition;

F.   To the extent that only a part of the document or statement is identified or used, produce the complete remaining document or statement and, as provided in 12 O.S. § 2107, " any other part or any other record that should in fairness be considered contemporaneously with it."

**RESPONSE TO REQUEST FOR PRODUCTION NO. 12:**   Defendant objects to Request for Production No. 12 as overly broad, overly burdensome, not reasonably calculated to lead to admissible evidence, premature, and not proportional to the needs of the case.   An exhibit list will be provided at the time set by this Court.   Without waiving and subject to said objections, see documents provided in Response to Requests No. 2, 4, and 5 above.

8

**REQUEST FOR PRODUCTION NO. 13:**   Produce all communications between Plaintiff and Defendant materially related to the storage, disposal, or retention of wastewater.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 13:**   See Response to Request No. 2 above.

**REQUEST FOR PRODUCTION NO. 14:**   Produce all documents materially related to the performance of Plaintiff's job duties, including but not limited to:

A.   The job description, job title, position description, or other document(s) setting out titles, duties, responsibilities, qualifications, and/or physical requirements for each position occupied by Plaintiff with Defendant from January 1, 2013 through the present.

B.   The job standards, performance expectations, production standards, goals, quotas, code(s) of conduct, or other work expectations applicable to Plaintiff's position(s) with Defendant during any part of the period from January 1, 2013 through the present; and

C.   All advertisements, position placements with employment services, or internal job postings for any of the positions held by Plaintiff as were made, offered, printed, or posted during any part of the period from January 1, 2013 through the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 14:**   Defendant objects to Request for Production No. 14 as overly broad, overly burdensome, not reasonably calculated to lead to admissible evidence, not sufficiently limited in time as requesting information prior to Ryan Wallace's administration and after Plaintiff's termination, and not proportional to the needs of the case.   Without waiving and subject to said objections, see employee job description dated February 13, 2019, At Bates no. 4413.   There are no responsive documents to Request 13(C) from

9

**REQUEST FOR PRODUCTION NO. 17:**   Produce the "personnel documents"[2]   for the following persons:

A.    All persons who participated in the final decision to terminate Plaintiff;

B.    Ryan Wallace;

C.    All persons who, from January 1, 2013 through the present, occupied the same and/or similar position as Plaintiff and/or performed the same and/or similar job duties as Plaintiff;

D.    All persons who, from January 1, 2013 through the present, were disciplined and/or terminated for the same and/or similar reasons Plaintiff was disciplined and/or terminated;

E.    All persons who, from January 1, 2013 through the present, made a complaint or report (internal and/or external) materially related to Defendant's storage, retention, or discharge of wastewater.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 17:**   Defendant objects to Request for Production No. 17 as overly broad, overly burdensome, not reasonably calculated to lead to admissible evidence, not sufficiently limited in time as requesting information prior to Ryan Wallace's administration and after Plaintiff's termination, and not proportional to the needs of the case.

---

[2]   **"Personnel documents"** unless defined otherwise means documents, emails, or electronically stored information containing the following information, regardless of where those documents may be located: (A) last known home addresses, date of birth, home phone numbers; (B) job titles, job duties, and dates of employment; (C) complaints concerning wastewater storage, retention, or discharge; (D) formal and/or informal disciplinary and coaching actions; (E) performance appraisals and evaluations; (F) training related to enforcement of disciplinary policies and rules regarding wastewater.

The request for "personnel documents" does **not** include information related to tax withholding, social security numbers, designation of beneficiaries for benefits, benefits for beneficiaries, medical records, and identification of spouses and children.

11

City's lagoons, together with any records pertaining to levels in such lagoons, for the time period of January 1, 2018 through the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 31:** See diagrams produced in response to Request for Production No. 24.

**REQUEST FOR PRODUCTION NO. 32:** Produce any communications, citations, or instructions to Defendant from the DEQ for the time period of January 1, 2017 through the present regarding wastewater.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 32:** Defendant objects to Request for Production No. 32 as overly broad, overly burdensome, not reasonably calculated to lead to admissible evidence, not sufficiently limited in time as requesting information prior to Ryan Wallace's administration and after Plaintiff's termination, and not proportional to the needs of the case. Without waiving and subject to said objections, see documents already produced above for the period between the beginning of Ryan Wallace's administration and Plaintiff's termination.

**REQUEST FOR PRODUCTION NO. 33:** Produce any communications, citations, or instructions to Defendant from the EPA for the time period of January 1, 2017 through the present regarding wastewater.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 33:** None.

**REQUEST FOR PRODUCTION NO. 34:** Produce any communications, citations, or instructions to Defendant from any governmental or regulatory agency for the time period of January 1, 2017 through the present regarding wastewater.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 34:** See Responses to Requests No. 32 and 33.

17

Respectfully submitted,

Jordan L. Miller, OBA No. 30892
Ambre C. Gooch, OBA No. 16586
COLLINS, ZORN & WAGNER, P.C.
429 N.E. 50th, Second Floor
Oklahoma City, OK   73105
Telephone: (405) 524-2070
Facsimile: (405) 524-2078
E-mail:  jlm@czwlaw.com
acg@czwlaw.com

ATTORNEY FOR DEFENDANT
CITY OF CRESCENT

## CERTIFICATE OF SERVICE

I hereby certify that on February 13, 2020 I sent the above and foregoing by U.S. mail, postage prepaid, to:

D. Colby Addison, electronic mail at: colby@centerforemploymentlaw.com
Leah M. Roper, electronic mail at: leah@centerforemploymentlaw.com
The Center for Employment Law
1133 N. Portland Avenue
Oklahoma City, OK 73107
*Attorneys for Plaintiff*

Jordan L. Miller

18

IN THE DISTRICT COURT OF LOGAN COUNTY
STATE OF OKLAHOMA

TRENT NERE,                          )
                                     )
            Plaintiff,               )
                                     )
v.                                   )        Case No. CJ-2019-203
                                     )
CITY OF CRESCENT,                    )        JURY TRIAL DEMANDED
                                     )
            Defendant.               )

## DEFENDANT'S RESPONSE TO PLAINTIFF'S
## FIRST SET OF INTERROGATORIES

Defendant City of Crescent ("City") submits the following as its response to Plaintiff's First Set of Interrogatories.

**INTERROGATORY NO. 1:**   Set out fully each "reason for termination" (as defined above) of Plaintiff including the dates, places and material circumstances making up each reason including setting out as close to verbatim as possible each communication materially related to the reasons for termination and identifying the parties to each communication.

**RESPONSE TO INTERROGATORY NO. 1:**        Defendant City objects to Interrogatory No. 1 as overly broad, overly burdensome, and not proportional to the needs of the case.   Without waiving and subject to said objections, Defendant states as follows:

Plaintiff was terminated for the accumulation of numerous reasons, including: Plaintiff's participation in a fuel fraud scheme, the fact that Plaintiff had difficulty managing a subordinate with whom he had a personal conflict as well as other poor organizational skills, Plaintiff's failure to retain the DEQ license necessary for the position he was in,

representatives of the Environmental Protection Agency which took place during the time period of November 1, 2018 through January 30, 2019.

**RESPONSE TO INTERROGATORY NO. 7:** Defendant objects to Interrogatory No. 7 as overly broad, overly burdensome, and not proportional to the needs of the case. Without waiving and subject to said objections, to the best of Defendant City's knowledge, see all written communications provided in response to Plaintiff's Requests for Production of Documents.   Additionally, Ryan Wallace recalls speaking with Amie D'avis on approximately January 15, 2019, at which time D'avis informed Ryan Wallace of the emergency levels of the lagoon.

**INTERROGATORY NO. 7 [SIC]:**  For your affirmative defense, para. 2 of the Answer, "Plaintiff may have failed to mitigate his damages and he is required to do so," set out each material fact which you may offer to support such matter.   The statement of material facts should include all statements, acts, or omissions which you may offer, together with the date and place of each fact, and the identity of any persons claimed to have witnessed or heard the statement, act, or omission. This includes identification of comparable, available job positions which Defendant has identified.

**RESPONSE TO INTERROGATORY NO. 7 [SIC]:**  Defendant City objects to this Interrogatory because it seeks information protected by the attorney client privilege and/or work product doctrine because Defendant City's attorney prepared the Defendant City's defenses section of the Answer.

**INTERROGATORY NO. 8:**  For your affirmative defense, para. 3 of the Answer, "the City is not liable for actions or omissions committed by its employee(s) which are

outside of the scope of the employee's employment," set out each material fact which you may offer to support such matter. The statement of material facts should include all statements, acts, or omissions which you may offer, together with the date and place of each fact, and the identity of any persons claimed to have witnessed or heard the statement, act, or omission. This includes identification of which acts Defendant alleges were outside of the scope of any individual's employment.

RESPONSE TO INTERROGATORY NO. 8:   Defendant City objects to this Interrogatory because it seeks information protected by the attorney client privilege and/or work product doctrine because Defendant City's attorney prepared the Defendant City's defenses section of the Answer.

INTERROGATORY NO. 9:   For your affirmative defense, para. 4 of the Answer, "Plaintiff was terminated for legitimate, non-discriminatory, non-retaliatory business based reasons," set out each material fact which you may offer to support such matter. The statement of material facts should include all statements, acts, or omissions which you may offer, together with the date and place of each fact, and the identity of any persons claimed to have witnessed or heard the statement, act, or omission.

RESPONSE TO INTERROGATORY NO. 9:   Defendant City objects to this Interrogatory because it seeks information protected by the attorney client privilege and/or work product doctrine because Defendant City's attorney prepared the Defendant City's defenses section of the Answer.  Without waiving and subject to these objections, the basis for termination of Plaintiff's employment is set out in Response to Interrogatory No. 1 above.

7

**INTERROGATORY NO. 10:**  For your affirmative defense, para. 5 of the Answer, "Defendant City did not violate any clearly established public policy of the State of Oklahoma," set out each material fact which you may offer to support such matter.  The statement of material facts should include all statements, acts, or omissions which you may offer, together with the date and place of each fact, and the identity of any persons claimed to have witnessed or heard the statement, act, or omission.

**RESPONSE TO INTERROGATORY NO. 10:**  Defendant City objects to this Interrogatory because it seeks information protected by the attorney client privilege and/or work product doctrine because Defendant City's attorney prepared the Defendant City's defenses section of the Answer.

**INTERROGATORY NO. 11:**  For your affirmative defense, para. 7 of the Answer, "Plaintiff's claim/suit may be barred by the statute of limitations and/or her [sic] claim/suit may not have been timely filed," set out each material fact which you may offer to support such matter.  The statement of material facts should include all statements, acts, or omissions which you may offer, together with the date and place of each fact, and the identity of any persons claimed to have witnessed or heard the statement, act, or omission. This includes identification of which specific claims were not timely filed.

**RESPONSE TO INTERROGATORY NO. 11:**  Defendant City objects to this Interrogatory because it seeks information protected by the attorney client privilege and/or work product doctrine because Defendant City's attorney prepared the Defendant City's defenses section of the Answer.

**INTERROGATORY NO. 12:**  Identify (as defined above) each employee of

8

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Executed on ___FEB   11___, 2020.

Ryan Wallace, City Manager

10

Respectfully submitted,

Jordan L. Miller, OBA No. 30892
Ambre C. Gooch, OBA No. 16586
COLLINS, ZORN & WAGNER, P.C.
429 N.E. 50th, Second Floor
Oklahoma City, OK  73105
Telephone: (405) 524-2070
Facsimile: (405) 524-2078
E-mail:  acg@czwlaw.com

ATTORNEY FOR DEFENDANT
CITY OF CRESCENT

## CERTIFICATE OF SERVICE

I hereby certify that on February 11, 2020 I sent the above and foregoing by U.S. mail, postage prepaid, to:

D. Colby Addison, electronic mail at: colby@lhllaw.com
Leah M. Roper, electronic mail at: leah@lhllaw.com
LAIRD HAMMONS LAIRD, PLLC
1332 S.W. 89th Street
Oklahoma City, OK 73159
**Attorneys for Plaintiff**

Jordan L. Miller

11



**The Center for Employment Law**
1133 N. Portland Ave.
Oklahoma City, OK 73107
405.252.1180
CenterForEmploymentLaw.com

March 18, 2020

Ambre Gooch
Jordan Miller
Collins, Zorn, & Wagner PC
429 NE 50th, Second Floor
Oklahoma City, OK 73105

VIA U.S. MAIL & EMAIL

  Re: *Nere v City of Crescent*, Case No. CJ-2019-203
    In the District Court of Logan County

Dear Counsel:

  We have received Defendant's responses to Plaintiff's opening discovery requests, however require supplementation and/or clarification of certain issues. I will outline our concerns specifically below to facilitate resolution of these issues. Please review with your client and advise whether your client is agreeable to supplementing as requested. To the extent Defendant is unwilling to supplement, please advise of your availability for a conference to discuss these issues (via phone or video is fine, given the current health situation).

**Interrogatories:**
  Int 1: Please clarify whether Defendant is withholding information based upon its objection of proportionality. To the extent it is, such information must be immediately supplemented. The reasons for Plaintiff's termination are vital to this case and undoubtedly discoverable.
  Defendant states there was a fraud scheme involving fuel but has failed to provide a single fact as to what the scheme was, who was involved, and the nature of said scheme. This is all information that is directly relevant to the primary issues in this case and must be supplemented.
  Defendant has not identified which subordinate it claims Plaintiff could not manage. This individual will be an important witness in the case. Further, failure to identify the "personal conflict" is a failure to provide the responsive material facts of this reason for termination.

D. Colby Addison
Partner

Leah M. Roper
Partner



EXHIBIT
2

2

Defendant conclusorily states that Plaintiff was "poor organizational skills" but has failed to identify what was lacking or what that means. This is a conclusion rather than the facts upon which the statement is based, which is what this request seeks. Defendant must clarify this response.

As to Defendant's contention that Plaintiff "declar[ed] an emergency at DEQ," this appears to be contrary to Defendant's earlier responses to requests for admissions, stating Defendant was unaware of what Plaintiff communicated to DEQ. Defendant cannot claim ignorance while also relying on statements Plaintiff made to DEQ as a reason for termination. Please clarify these apparently contradictory responses – between Int 1 response and RFA 14.

Int. 3: Defendant has failed again to identify Plaintiff's direct reports, although it did provide the chain of command above Plaintiff. Thus, the response is insufficient. And, given Defendant's allegations of mismanagement of subordinates, this information is material to the outcome of this case.

Int 6 (investigations): Defendant's response to this interrogatory is evasive and nonresponsive. Plaintiff has requested what amounts to the material facts of reports, complaints, or grievances to Defendant. This would necessarily include communications regarding the wastewater situation. We are not seeking Counsel's investigation into such reports, to the extent they occurred in preparation for litigation. However, to the extent counsel was involved in any investigation of the claims of regarding wastewater detention or discharge, particularly prior to Plaintiff's termination, we would require a privilege log, as business advice is not privileged.

Int 7 (DEQ communications): Please clarify whether Defendant is withholding information under its boilerplate objections, particularly as Defendant has incorporated production into its response to this request. Plaintiff is entitled to know what has been produced and what is being withheld.

Int 7 (mitigation defense), 8, 9, 10, 11: Defendant cannot rely upon attorney-client privilege to avoid providing the material factual basis for its affirmative defenses. We do not care who prepared the Answer and inserted the defenses – we care about the facts which Defendant has relied upon to assert the defensea. This specifically includes, at least:

(a) identification of available, alternative job positions which are comparable that Defendant is relying upon to the failure to mitigate defense.

(b) which acts or omissions Defendant alleges occurred and for which it is not liable due to those acts being outside the scope of the employee's employment.



3

 (c) the legitimate, non-discriminatory basis for its decisions (if any have been withheld under Defendant's objection).

 (d) Which policy/policies Defendant relied upon in making its decisions as to Plaintiff.

 (e) which acts Defendant alleges are outside the statute of limitations / were not timely filed.

 Defendant cannot attempt a trial by ambush and withhold all facts underlying what must have been a good faith basis to assert each affirmative defense. Please immediately supplement to provide this information, or we will file a motion to compel on these issues.

 Int 12: Defendant has not identified the employees as instructed. The identification of these individuals must include contact information, dates of employment, and job titles. None of that information was provided for any of the individuals listed. If Defendant asserts representation over these individuals, please advise and provide the factual basis.

 Int 13: Defendant's answer is nonresponsive and evasive. We request identification of the staute(s), regulation(s) or other authority *specifically*.

**Requests for Production:**

 RFP 2, 13: We are seeking clarification of what has been produced and what has been withheld under Defendant's objections. It appears Defendant has provided correspondence only between Plaintiff and Wallace. Please confirm there are no communications with other staff members and Wallace regarding Plaintiff's employment or materially related to wastewater retention, storage, or discharge.

 Plaintiff includes RFP 13 as Defendant simply incorporate this response to that request, but the same issue of non-clarification applies.

 RFP 3: Defendant has arbitrarily limited this request based upon the dates of Plaintiff's employment. Why is this request allegedly overly broad – how are the records stored that Defendant cannot search them in a reasonable way? No facts supporting the objection have been provided. Moreover, Defendant's knowledge of wastewater retention and/or discharge policies prior to Plaintiff's termination, and prior to Wallace's "administration" is relevant to intent and relevant to practices. This response must be supplemented in full.

 RFP 4: Has Defendant withheld records based upon its objections? Per 12 O.S. § 3234(B)(2)(c) requires a responding party to identify what documents are being withheld based upon an objection. Defendant has not indicated whether it



4

has fully responded or withheld documents. Thus, this response must be supplemented.

RFP 5, 6: Again, Defendant must advise if it is withholding documents based upon its objections. Further, it is not clear whether all responsive documents have been produced – what of the documents shows Plaintiff's personal issues with his subordinate – none are apparent. Similarly, which documents show Plaintiff's poor organizational skills – as none are apparent.

RFP 7: Again, Defendant must advise if it is withholding documents based upon its objections. Further, no personnel files or discipline of other employees has been produced, but Defendant has wholly failed to justify its objections on breadth and burden. The factual basis behind these objections must be provided. As Defendant has failed to do so, it has waived the objection entirely. This response must be fully supplemented.

RFP 9: Again, Defendant must advise if it is withholding documents based upon its objections. It is unclear why Defendant would withhold documents it relied upon to respond to Plaintiff's interrogatories, anyway.

RFP 11, 12: Again, Defendant's policies and practices regarding DEQ, prior to Plaintiff's employment and prior to Wallace's "administration" are relevant to this case. This response must be supplemented. Again, Defendant has provided absolutely no factual basis for its breadth and burden objections, and has failed to identify what is being withheld (if anything) in response to this request. You must supplement.

RFP 14: Defendant has again arbitrarily limited this request to only Wallace's "administration." However, the job posting standards are relevant regardless of who was in charge when they were posted. Additionally, Defendant's boilerplate objections fail to advise why this request is so burdensome. These records should not be a problem for Defendant to find, as outsiders of Defendant's entity are expected to find them to apply. You must supplement this response.

RFP 16, 17: Defendant has wholly failed to provide any of the responsive information to this request. All of the individuals included in this request are potential witnesses (including those employed before and after Plaintiff and before and after Wallace's administration), and Plaintiff is entitled to their contact information. Defendant has again failed to advise of the factual basis for its burden



objections, which results in a waiver of those objections. This response must be supplemented.

RFP 19, 20, 21, 22, 23: Defendant has again objected based upon attorney-client privilege, however the **facts** which provide the basis for these defenses are in no way privileged. Indeed, Defendant **must** prove these allegation In open court, and cannot ambush Plaintiff with the information by refusing to provide it. You must fully supplement these responses.

RFP 24, 25, 26, 27, 28: Please advise if Defendant has withheld documents under its objections to these requests, and required by 12 O.S. § 3234(B)(2)(c). Defendant has entirely failed to respond as to whether or not non-privileged documents exist, and no privilege log has been provided by Defendant to date. Thus, none of these responses actually provide any responsive information and are legally insufficient.

RFP 32, 34: Defendant has again failed to identify whether or not it is withholding responsive documents based upon its objections. This response must be supplemented to clarify that issue. Further, it is unclear if Defendant has responses within the full scope of the time period requested, as it only references communications with Wallace. Please advise, and supplement if any additional responsive documents exist.

We request that you review this with your client and respond as to supplementation within two (2) weeks. However, if additional time is necessary, please advise so we can proceed accordingly – we do understand that given the state of things, there may be unexpected delays.

To the extent Defendant refuses to supplement in full, please advise of your availability for a discovery conference on the remaining issues.

Sincerely,

Leah M. Roper
Attorney at Law



**The Center for Employment Law**
1133 N. Portland Ave.
Oklahoma City, OK 73107
405.252.1180
CenterForEmploymentLaw.com

April 30, 2020

Ambre Gooch
Jordan Miller
Collins, Zorn, & Wagner PC
429 NE 50th, Second Floor
Oklahoma City, OK 73105

<u>VIA EMAIL ONLY</u>

     Re:    *Nere v City of Crescent*, Case No. CJ-2019-203
             In the District Court of Logan County

Dear Counsel:

     Thank you for your time to discuss these discovery issues today. Below are my notes from the conference. Please advise if I misunderstood something.

**Interrogatories:**
     Int 1: Defendant is willing to supplement to provide more info on the fuel issue and the person(s) involved, and describe in more detail the basis of the organizational skills issue raised. And, Defendant will clarify what it means by the communications with DEQ.

     Int. 3: Defendant agreed to supplement on Nere's direct reports.

     Int 6 (investigations): Defendant has clarified that its position, despite its objections, is that Nere never made any complaint regarding the wastewater issue to Defendant prior to his termination.

     Int 7 (DEQ communications): Defendant is not withholding information under its objection.

     Int 7 (mitigation defense), 8, 9, 10, 11: We started taking these individually, my notes are as follows:

D. Colby Addison
Partner

Leah M. Roper
Partner

**EXHIBIT**

3

(a) Defendant has alleged this defense is only based upon Plaintiff's job search and has not identified any alternative, comparable job positions to which Nere should have applied.

(b) Defendant clarified this is an objection that Ryan Wallace may have acted outside his scope of employment in terminating Plaintiff. Defendant has refused to withdraw this defense, although states there are no facts upon which it is relying at this time.

At this point Defendant stated it refuses to supplement any of the interrogatories and provide any factual basis, beyond what is already provided, to any of these responses.

Int 12: Defendant agrees to supplement this response for employees who were not supervisors that are no longer employed. Defendant stated if there are any non-supervisory current employees, Defendant will also supplement.

Int 13: We agreed this response is sufficient.

**Requests for Production:**

RFP 2, 13: Defendant has agreed to supplement to clarify what has been produced or withheld.

RFP 3: Defendant is not willing to extend the period of time in any degree. Defendant did clarify Mr. Wallace took over around late June 2018. We offered to limit this request to Steve Deflantis and/or Mr. Nere, but Defendant did not agree at this time.

RFP 4: Defendant has agreed to supplement to clarify what has been produced or withheld.

RFP 5, 6: Defendant has agreed to supplement to clarify what has been produced or withheld.

RFP 7: I agreed that other than parts E and F of this request, it appears responsive documents have been produced. Defendant will get back to us on subparts E and F, but we did ask for the information on how many individuals this includes or how the files are stored, etc, to provide the facts behind the alleged burdensomeness.



3

RFP 9: Defendant has agreed to supplement to clarify what has been produced or withheld.

RFP 11, 12: Defendant is not agreeable to producing any documents outside of Wallace's time frame (late June 2018).

RFP 14: Defendant is not agreeable to producing any documents outside of Wallace's time frame (late June 2018).

RFP 16, 17: Defendant is not agreeable to producing any documents outside of Wallace's time frame (late June 2018). Defendant agrees it has not produced documents responsive to either request. Defendant has agreed to provide contact information for current and prior non-supervisory employees (if responsive ones exist). Defendant has agreed to produce any current, non-supervisory employees for deposition or trial, and will do the same for current employees.

As to personnel documents we requested, we agreed to limit this request to the time period of Mr. Wallace's administration, and Defendant has agreed to consider that request.

RFP 19, 20, 21, 22, 23: Defendant will clarify whether documents are withholding anything under their objections, and will clarify whether there is anything withheld under privilege and provide a privilege log if so.

RFP 24, 25, 26, 27, 28: Defendant will clarify if anything is being withheld, including under privilege and provide a privilege log if applicable.

RFP 32, 34: Defendant will clarify whether documents are withholding anything under their objections, but did clarify that it is producing under Mr. Wallace's administration.

Defendant believes it will be able to supplement its responses by May 15, as well as clarify the issues it is not agreeable to supplement, where you are considering whether or not to supplement. Let me know if that for some reason becomes unworkable, we can work with you if issues should arise.

Sincerely,

Leah M. Roper
Attorney at Law

IN THE DISTRICT COURT OF LOGAN COUNTY
STATE OF OKLAHOMA

TRENT NERE,                          )
                                     )
        Plaintiff,                   )
                                     )
v.                                   )        Case No. CJ-2019-203
                                     )
CITY OF CRESCENT,                    )        JURY TRIAL DEMANDED
                                     )
        Defendant.                   )

### DEFENDANT CITY'S SUPPLEMENTAL RESPONSE TO
### PLAINTIFF'S INTERROGATORIES 1, 3 AND 12

Defendant City of Crescent ("City") submits the following as its supplemental response to Plaintiff's Interrogatories 1, 3, and 12.

**INTERROGATORY NO. 1:**  Set out fully each "reason for termination" (as defined above) of Plaintiff including the dates, places and material circumstances making up each reason including setting out as close to verbatim as possible each communication materially related to the reasons for termination and identifying the parties to each communication.

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 1:**   Defendant City objects to Interrogatory No. 1 as overly broad, overly burdensome, and not proportional to the needs of the case.  Without waiving and subject to said objections, Defendant states as follows:

Plaintiff was terminated for the accumulation of numerous reasons, including: Plaintiff's likely participation in a fuel fraud scheme (in which Trent Nere's subordinate employees Caleb Boomer, Tanner Eakins, and Evan Hodge were using city credit cards


EXHIBIT
4

to fuel up their own personal vehicles, and it was strongly suspected that Trent Nere was involved in informing his subordinate employees they could do this); the fact that Plaintiff had difficulty managing a subordinate (Tanner Eakins) with whom he had a personal conflict; other poor organizational skills (examples of which include (1) a time when Ryan Wallace gave Trent Nere a project to build a 1-page explanation of each of the job functions at the City, and Trent Nere provided very short and insufficient explanations, which required counseling, and (2) Trent Nere having difficulty prioritizing the importance of new tasks as compared to tasks previously assigned); Plaintiff's failure to retain the DEQ license necessary for the position he was in; failure to notify management of his change in license status; and ultimately, Plaintiff's failure to inform Ryan Wallace of the emergency level conditions in the City's lagoons (which Ryan Wallace only learned about from Amie D'Avis when she came into his office on January 15, 2019), and then attempting to cover up his mismanagement by declaring an emergency to Amie D'Avis at DEQ without first notifying management.   When Wallace learned from Amie D'avis on January 15, 2019 of the emergency level conditions in the City's lagoons, Ryan Wallace looked into the issue, and determined that Plaintiff had not been truthful or accurate in his Monthly Operating Reports (which showed levels much lower than emergency levels) and that termination was necessary, for the accumulation of all the reasons described above; see also documents provided in response to Requests for Production.

**INTERROGATORY NO. 3:**  Identify (as defined above) each person above or below Plaintiff in his chain of command during his employment. If those individuals changed over time, then identify the time period(s) in which each held their position in

Plaintiff's chain of command.

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 3:** Defendant objects to Interrogatory No. 3 as overly broad, overly burdensome, and not proportional to the needs of the case.  It is not reasonable for Defendant City to provide information from time periods under former City Managers.  Without waiving and subject to said objections, to the best of Defendant City's knowledge, under the administration of Ryan Wallace, once Wallace started as City Manager on June 1, 2018, Nere first reported for several weeks to Public Works Authority Supervisor Joshua Johnston, who reported to Assistant City Manager Dave Andren, who then reported to City Manager Ryan Wallace. This lasted until June 15, 2018, at which time Plaintiff Nere became the Public Works Authority Supervisor.  From that date until approximately October 1, 2018, Plaintiff reported to Assistant City Manager Dave Andren, who then reported to City Manager Ryan Wallace.  From Approximately October 1, 2018 through the date of Plaintiff's termination on January 29, 2019, Plaintiff reported directly to City Manager Ryan Wallace.

As to Nere's subordinate employees, once Plaintiff Nere became Public Works Authority Supervisor on June 15, 2018. Nere supervised Tanner Eakins until Eakins' termination on August 21, 2018, Evan Hodge under Hodge's termination on August 21, 2018, Caleb Boomer until his termination on August 21, 2018, and Terrance Bufford Jr. from the date of Bufford's hire on September 4, 2018 until Nere's termination on January 29, 2019.  Last known contact information for Nere's subordinate employees is as follows:

Tanner Eakins, 29918 Cottonwood Rd., Cashion, OK 73016; (405) 538-5080

3

Caleb Boomer, 106 N. Pecan, Crescent, OK 73028; (405) 880-9232

Evan Hodge; P.O. Box 89, Crescent, OK 73028; (405) 695-1990

Terrance Bufford, Jr.; 718 W. Madison, Crescent, OK 73028; (405) 473-7856;

**INTERROGATORY NO. 12:**  Identify (as defined above) each employee of Defendant who is (or was) responsible for compliance with DEQ and/or EPA regulations for handling of wastewater, for the time period of January 1, 2017 through the present.

### SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 12:

To the best of Defendant City's knowledge, Steven Difuentes from January 1, 2017 through approximately July 20, 2017 (when he went out for surgery); last known phone number (405) 401-0880; no last known address on file.

Joshua Johnston from approximately July 20, 2017 through June 15, 2018; last known contact information (405) 473-7856; P.O. box 44, Crescent, OK 73028

Trent Nere from June 15, 2018 through January 29, 2019; reached c/o Leah Roper.

Terrance Bufford, Jr. from January 29, 2019 through February 14, 2020; last known contact information   (405) 473-7856; 718 W. Madison, Crescent, OK 73028

Nick Powell, February 14, 2020 through present; current supervisory employee who can be reached c/o Jordan L. Miller.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Executed on _____ May 8 _____, 2020.

Ryan Wallace, City Manager

4

Respectfully submitted,

Jordan L. Miller, OBA No. 30892
Ambre C. Gooch, OBA No. 16586
COLLINS, ZORN & WAGNER, P.C.
429 N.E. 50th, Second Floor
Oklahoma City, OK  73105
Telephone: (405) 524-2070
Facsimile: (405) 524-2078
E-mail:   jlm@czwlaw.com

ATTORNEY FOR DEFENDANT
CITY OF CRESCENT

## CERTIFICATE OF SERVICE

I hereby certify that on May 11, 2020 I sent the above and foregoing Defendant City's Supplemental Response to Plaintiff's Interrogatories 1, 3 and 12 by electronic mail to:

D. Colby Addison, electronic mail at: colby@centerforemploymentlaw.com
Leah M. Roper, electronic mail at: leah@centerforemploymentlaw.com
The Center for Employment Law
1133 N. Portland Avenue
Oklahoma City, OK 73107
**Attorneys for Plaintiff**

Jordan L. Miller

IN THE DISTRICT COURT OF LOGAN COUNTY
STATE OF OKLAHOMA

TRENT NERE,                          )
                                     )
          Plaintiff,                 )
                                     )
v.                                   )      Case No. CJ-2019-203
                                     )
CITY OF CRESCENT,                    )      JURY TRIAL DEMANDED
                                     )
          Defendant.                 )

## DEFENDANT'S SUPPLEMENTAL RESPONSE TO PLAINTIFF'S
## FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

Defendant City of Crescent submits the following as its supplemental response to Plaintiff's First Request for Production of Documents.

**REQUEST FOR PRODUCTION NO. 2:** Produce all communications (including memos, emails, faxes, letters, text messages, etc.) to, from and/or between any of the persons identified in response to Interrogatory No. 2 and/or Plaintiff, discussing Plaintiff and/or materially related to Plaintiff's employment (as defined above) and/or materially related to retention, storage, or discharge of wastewater.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**
Defendant objects to Request for Production No. 2 as overly broad, overly burdensome, not reasonably calculated to lead to admissible evidence, not reasonably limited in time, and not proportional to the needs of the case.   Without waiving and subject to said objections, see attached communications (with attachments) between Ryan Wallace and DEQ, between Ryan Wallace and Trent Nere, or to or from Ryan Wallace concerning Trent Nere, that occurred between the time that Ryan Wallace took office as City Manager and the date of Trent Nere's termination, at Bates No. 3572-3573, 4277-4294, 4325-4329, 4332-4360, 4362-4365, and 4368-4407.   To the best of



EXHIBIT

5

Defendant's knowledge, Defendant is not withholding any responsive documents pursuant to its objections.

**REQUEST FOR PRODUCTION NO. 3:**   Produce all communications (including memos, emails, faxes, letters, text messages, etc.) to, from and/or between Defendant and the Department of Environmental Quality, and/or the Environmental Protection Agency, and/or any other regulatory or oversight agency regarding the storage, discharge, or retention of wastewater for the past five (5) years.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

Defendant objects to Request for Production No. 3 as overly broad, overly burdensome, not reasonably calculated to lead to admissible evidence, not reasonably limited in time, and not proportional to the needs of the case, as this time period concerns periods both before Ryan Wallace's administration, and after Plaintiff's termination.   Without waiving and subject to said objections, for communications from the time that Ryan Wallace took office until Plaintiff's termination, see documents provided in response to Request No. 2 above.   To the best of Defendant's knowledge, it is not withholding any responsive documents for that period of time.

**REQUEST FOR PRODUCTION NO. 4:**   Produce all city council meeting agendas (including any subcommittees or commissions) and minutes for meetings which included discussion materially related to Plaintiff's employment or termination by the City.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

Defendant objects to Request for Production No. 4 as overly broad, overly burdensome, not reasonably calculated to lead to admissible evidence, and not proportional to the needs of the case. Without waiving and subject to said objections, see City Council Agenda meeting packets for

2

November 13, 2018, December 11, 2018, and January 8, 2019, at Bates No. 137-376.   To the best of Defendant's knowledge, it is not withholding any responsive documents pursuant to the objections.

**REQUEST FOR PRODUCTION NO. 5:**   Produce each document which materially relates to the decision to terminate Plaintiff.   This must include all information which:

- A.    Materially records, explains, investigates or reviews that decision;
- B.    Is a communication which materially relates to that decision including investigations, preliminary discussions or recommendations and information gathered in connection with the same;
- C.    Contains material information on which that decision was based either in whole or in part;
- D.    If the decision was based on any prior alleged infractions, performance issues, qualifications or other matters, the documents which materially record, explain, investigate or review such prior matters.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

Defendant objects to Request for Production No. 5 as overly broad, overly burdensome, not reasonably calculated to lead to admissible evidence, and not proportional to the needs of the case. Without waiving and subject to said objections, see responses to Requests 2, 4 above, see also Plaintiff's personnel file at Bates No. 70-132, Monthly Operating Reports at Bates No. 134-136, documents related to fuel fraud at Bates No. 3587 and 4214-4255, the Employee Handbook at Bates No. 3589-3614, and DEQ inspection reports at Bates No. 4203-4213.   To the best of Defendant's knowledge, it is not withholding any responsive documents pursuant to the objections.

**REQUEST FOR PRODUCTION NO. 6:**   If any claimed misconduct or work rule

3

violation played a role in the decisions affecting Plaintiff or is a part of your affirmative defenses, denials or matters in avoidance, then produce:

  A.    All warnings, notices, discipline, counseling or documents given to Plaintiff or included in the file of any of Defendant's employee regarding such matter;

  B.    Defendant's policy related to that matter including how such allegations are to be investigated;

  C.    Any policy statements related to the nature of the punishment to imposed for such matter;

  D.    All investigative, supporting or corroborative documents related to the misconduct attributed to Plaintiff;

  E.    For two years prior to Plaintiff's termination and through the present, records of similar infractions by any other employees of Defendant who are similarly situated[1] to Plaintiff together with the complete disciplinary records related to such matters and records showing:

     a.    the identity (name, home address, home phone number), job title, dates of employment and prior disciplinary history of such other employee;
     b.    the identity (name, home address, home phone number), job title, and dates of employment of the person(s) imposing such discipline.

## SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 6:

Defendant objects to Request for Production No. 6 as overly broad, overly burdensome, not reasonably calculated to lead to admissible evidence, and not proportional to the needs of the case. Without waiving and subject to said objections, see Responses to Requests No. 2, 4, and 5 above;

---

1 Similarly situated for this request is intended to mean all person(s) who were subject to the same policies and/or practices as Plaintiff, and who reported to the same supervisor(s) as Plaintiff, regardless of work location.

To the best of Defendant's knowledge, it is not withholding any responsive documents pursuant to the objections.

**REQUEST FOR PRODUCTION NO. 7:**   If any claimed work or performance deficiency, lack of qualification or ability attributed to Plaintiff played a role in the decisions affecting Plaintiff or is a part of your affirmative defenses, denials or matters in avoidance, then produce:

A.   All warnings, notices, discipline, counseling or documents given to Plaintiff or included in the file of any of Defendant's employee regarding such matter;

B.   Defendant's policy related to that matter including how such matters are to be investigated, reported, documented or counseled;

C.   Any policy statements related to the nature of the corrective or remedial action for matter;

D.   All investigative, supporting or corroborative documents related to each matter;

E.   All documents which contain information compiled by the company regarding this issue of performance whether or not that information pertains specifically to Plaintiff and/or which could be used to compare Plaintiff's performance in this area to that of other employees.   *As representative examples of what kind of information is sought, if plaintiff were accused of having to properly conducted an inventory or count, then all records related to inventory and counts should be produced; if plaintiff was accused of having failed to meet a quota or assignment, then all quotas, assignments and sales records relative to the same should be produced.*

F.   For two years prior to Plaintiff's termination and through the present, records of performance or qualification issues by any other employees of Defendant who either who the same or substantially similar job title as Plaintiff and any other persons whom Defendant asserts are similarly situated to Plaintiff together with the

5

records showing:

a.   the identity (name, home address, home phone number), job title, dates of employment and prior disciplinary history of such other employee;

b.   the identity (name, home address, home phone number), job title, and dates of employment of the person(s) enforcing such standards

## SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 7:

Defendant objects to Request for Production No. 7 as overly broad, overly burdensome, not reasonably calculated to lead to admissible evidence, and not proportional to the needs of the case, as it includes both periods of time prior to Ryan Wallace's administration and also after the termination of Plaintiff. Without waiving and subject to said objections, see Responses to Requests No. 2, 4, and 5 above. To the best of its knowledge, Defendant is only withholding documents pursuant to the objections regarding Paragraph F of this Request.

## REQUEST FOR PRODUCTION NO. 9:   Produce all documents which materially relate to the information you provided in response to Plaintiff's interrogatories, including, but not limited to:

A.   Correspondence or communication discussing, referring to or otherwise materially related to such information;

B.   Documents, memos, emails or electronic information materially related to the information you provided;

C.   Documents or things you referenced and/or relied upon to provide the information in your interrogatory responses.

This request is ongoing and applies to any further response to an interrogatory and any supplements and/or amendments to your Interrogatory Responses.

6

## SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 9:

Defendant objects to Request for Production No. 9 as overly broad, overly burdensome, not reasonably calculated to lead to admissible evidence, and not proportional to the needs of the case. Without waiving and subject to said objections, see Responses to Requests No. 2, 4, and 5 above. To the best of its knowledge, Defendant is not withholding any documents pursuant to the objections.

### REQUEST FOR PRODUCTION NO. 11:   Produce:

A.   Copies of any complaints, charges, or reports of failure to comply with DEQ or EPA requirements materially related to the storage, disposal, or retention of wastewater, filed against you with any federal, state or local agency from January 1, 2013 to the present;

B.   Your responses to such charges, complaints, or reports, together with any documents or attachments to such charges.

C.   Any documents showing the outcome of those complaints, reports, or charges.

## SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 11:

Defendant objects to Request for Production No. 11 as overly broad, overly burdensome, not reasonably calculated to lead to admissible evidence, not sufficiently limited in time as requesting information prior to Ryan Wallace's administration and after Plaintiff's termination, and not proportional to the needs of the case.  This is an employment case concerning the termination of Trent Nere by policymaker Ryan Wallace, so any such documents from prior to Ryan Wallace's administration are simply not relevant to this case.  Without waiving and subject to said objections, see Department of Environmental Quality Reports provided in Response to Request No. 5 above.  Defendant City is withholding documents pursuant to its objections above, to the

extent that they stem from a prior administration.

**REQUEST FOR PRODUCTION NO. 12:** Produce each document or statement which may be identified or used wholly or in part, now or hereafter in:

A.     Any status or scheduling order including amendments or supplements thereto;

B.     Any witness list including amendments or supplements thereto;

C.     Any pretrial order including amendments or supplements thereto;

D.     Any evidentiary motion or brief, including reply or supplemental briefs;

E.     In the course of any deposition;

F.     To the extent that only a part of the document or statement is identified or used, produce the complete remaining document or statement and, as provided in 12 O.S. § 2107, " any other part or any other record that should in fairness be considered contemporaneously with it."

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 12:**

Defendant objects to Request for Production No. 12 as premature.   An exhibit list will be provided at the time set by this Court. In addition, the Request seeks information that may be covered by the work produce privilege, as it seeks to discover the mental impressions of counsel at this early date of the case.  Without waiving and subject to said objections, see documents provided in Response to Requests No. 2, 4, and 5 above.   Defendant City is not withholding any responsive documents pursuant to its objections at this time, to the best of its knowledge.

**REQUEST FOR PRODUCTION NO. 14:**   Produce all documents materially related to the performance of Plaintiff's job duties, including but not limited to:

A.     The job description, job title, position description, or other document(s) setting out titles, duties, responsibilities, qualifications, and/or physical requirements for each position occupied by Plaintiff with Defendant from January 1, 2013 through the

8

present.

B.     The job standards, performance expectations, production standards, goals, quotas, code(s) of conduct, or other work expectations applicable to Plaintiff's position(s) with Defendant during any part of the period from January 1, 2013 through the present; and

C.     All advertisements, position placements with employment services, or internal job postings for any of the positions held by Plaintiff as were made, offered, printed, or posted during any part of the period from January 1, 2013 through the present.

## SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 14:

Defendant objects to Request for Production No. 14 as overly broad, overly burdensome, not reasonably calculated to lead to admissible evidence, not sufficiently limited in time as requesting information prior to Ryan Wallace's administration and after Plaintiff's termination, and not proportional to the needs of the case.   Without waiving and subject to said objections, see employee job description dated February 13, 2019, At Bates no. 4413.   There are no responsive documents to Request 13(C) from Ryan Wallace's administration.   Defendant City is withholding documents pursuant to its objections for the other requested time periods.

## REQUEST FOR PRODUCTION NO. 16:   For any person who, during any part of the period from January 1, 2013 through the present:

A.     Held the same job title as Plaintiff and worked in the same facility as Plaintiff;

B.     Worked under the same immediate supervisor as Plaintiff; or

C.     Who worked as a human relations, human resources, or personnel officer,

Produce true copies of those personnel documents or print-outs of electronically stored information for those persons which show such person's:

9

1.    Full name;

2.    Current or last known home address;

3.    Current or last known home phone number and personal cell phone number;

4.    Year of birth and/or last four digits of the person's social security number;

5.    Job title;

6.    Dates of employment.

## SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 16:

Defendant objects to Request for Production No. 16 as overly broad, overly burdensome, not reasonably calculated to lead to admissible evidence, not sufficiently limited in time as requesting information prior to Ryan Wallace's administration and after Plaintiff's termination, and not proportional to the needs of the case.   Without waiving and subject to said objections, for contact information on relevant employees, see supplemental responses to Interrogatories No. 3 and 12. Defendant is withholding responsive documents pursuant to the objections stated above.

## REQUEST FOR PRODUCTION NO. 17:   Produce the "personnel documents"[2]   for the following persons:

A.    All persons who participated in the final decision to terminate Plaintiff;

B.    Ryan Wallace;

C.    All persons who, from January 1, 2013 through the present, occupied the same

--------

[2]    **"Personnel documents"** unless defined otherwise means documents, emails, or electronically stored information containing the following information, regardless of where those documents may be located: (A) last known home addresses, date of birth, home phone numbers; (B) job titles, job duties, and dates of employment; (C) complaints concerning wastewater storage, retention, or discharge; (D) formal and/or informal disciplinary and coaching actions; (E) performance appraisals and evaluations; (F) training related to enforcement of disciplinary policies and rules regarding wastewater.

The request for "personnel documents" does **not** include information related to tax withholding, social security numbers, designation of beneficiaries for benefits, benefits for beneficiaries, medical records, and identification of spouses and children.

10

and/or similar position as Plaintiff and/or performed the same and/or similar job duties as Plaintiff;

D.   All persons who, from January 1, 2013 through the present, were disciplined and/or terminated for the same and/or similar reasons Plaintiff was disciplined and/or terminated;

E.   All persons who, from January 1, 2013 through the present, made a complaint or report (internal and/or external) materially related to Defendant's storage, retention, or discharge of wastewater.

## SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 17:

Defendant objects to Request for Production No. 17 as overly broad, overly burdensome, not reasonably calculated to lead to admissible evidence, not sufficiently limited in time as requesting information prior to Ryan Wallace's administration and after Plaintiff's termination, and not proportional to the needs of the case.   Without waiving and subject to said objections, for contact information on relevant employees, see supplemental responses to Interrogatories No. 3 and 12. Defendant is withholding responsive documents pursuant to the objections stated above.

## REQUEST FOR PRODUCTION NO. 19:   Produce those documents which contain information materially related to (as in supporting, refuting, or showing) your affirmative defense, para. 2 of the Answer, "Plaintiff may have failed to mitigate his damages and he is required to do so," including but not limited to the job postings for comparable alternative positions available.

## SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 19:

Defendant City objects to this Interrogatory because it seeks information protected by the attorney client privilege and/or work product doctrine because Defendant City's attorney prepared the Defendant City's defenses section of the Answer. Without waiving and subject to said objections,

11

see documents produced in Response to Request No. 2, 3, 5.  To the best of Defendant City's knowledge, it is not withholding any responsive discoverable document at this time that would need to be on a privilege log.

**REQUEST FOR PRODUCTION NO. 20:**  Produce those documents which contain information materially related to (as in supporting, refuting, or showing) your affirmative defense, para. 3 of the Answer, "the City is not liable for actions or omissions committed by its employee(s) which are outside of the scope of the employee's employment," including documents identifying the scope of employment (such as job descriptions and/or instructions of how to perform job duties) for said individuals.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 20:** Defendant City objects to this Request because it seeks information protected by the attorney client privilege and/or work product doctrine because Defendant City's attorney prepared the Defendant City's defenses section of the Answer.  To the best of Defendant City's knowledge, it is not withholding any responsive discoverable document at this time that would need to be on a privilege log.

**REQUEST FOR PRODUCTION NO. 21:**  Produce those documents which contain information materially related to (as in supporting, refuting, or showing) your affirmative defense, para. 4 of the Answer, "Plaintiff was terminated for legitimate, non-discriminatory, non-retaliatory business based reasons."

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 21:** Defendant City objects to this Request because it seeks information protected by the attorney client privilege and/or work product doctrine because Defendant City's attorney prepared the Defendant

12

City's defenses section of the Answer. To the best of Defendant City's knowledge, it is not withholding any responsive discoverable document at this time that would need to be on a privilege log.

**REQUEST FOR PRODUCTION NO. 22:** Produce those documents which contain information materially related to (as in supporting, refuting, or showing) your affirmative defense, para. 5 of the Answer, "Defendant City did not violate any clearly established public policy of the State of Oklahoma."

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 22:** Defendant City objects to this Request because it seeks information protected by the attorney client privilege and/or work product doctrine because Defendant City's attorney prepared the Defendant City's defenses section of the Answer. To the best of Defendant City's knowledge, it is not withholding any responsive discoverable document at this time that would need to be on a privilege log.

**REQUEST FOR PRODUCTION NO. 23:** For all fact-based affirmative defenses now or hereafter asserted in the Answer to the Petition, produce all documents materially related to such defense.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 23:** Defendant City objects to this Request because it seeks information protected by the attorney client privilege and/or work product doctrine because Defendant City's attorney prepared the Defendant City's defenses section of the Answer. To the best of Defendant City's knowledge, it is not withholding any responsive discoverable document at this time that would need to be on a privilege log.

**REQUEST FOR PRODUCTION NO. 24:**  If you obtain or prepare any drawings, photographs, video recordings, audio records, or statements which you may use in connection with any depositions, evidentiary motion, or at the trial of this action, produce the same.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 24:** Defendant objects to Request No. 24, as seeking documents that may be covered by the attorney-client or work product privileges.  Without waiving and subject to said objections, see attached diagrams at Bates No. 4424-4425.  To the best of Defendant City's knowledge, it is not withholding any responsive discoverable document at this time that would need to be on a privilege log.

**REQUEST FOR PRODUCTION NO. 25:**  If you utilize any investigators in this case, produce the agreement retaining such investigator, all communications by you or any agent or representative of you to the investigator, all communications from the investigator to you or any of your agents or representatives, and any reports, documents, records, photographs, recordings, statements, notes, materials, or information provided to, provided by, generated by, or obtained by such investigator(s).

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 25:** Defendant objects to Request No. 25, as seeking documents that may be covered by the attorney-client or work product privileges.  To the best of Defendant City's knowledge, it is not withholding any responsive discoverable document at this time that would need to be on a privilege log.

**REQUEST FOR PRODUCTION NO. 26:**  If you utilize any experts or consultants in this case, produce the agreement retaining such expert or consultant, all communications by you

14

or any agent or representative of you to the expert or consultant, all communications from the expert or consultant to you or any of your agents or representatives, and any reports, documents, records, materials, or information generated by, provided to, obtained by or considered by such expert or consultant.

### SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 26:

Defendant objects to Request No. 26, as seeking documents that may be covered by the attorney-client or work product privileges. To the best of Defendant City's knowledge, it is not withholding any responsive discoverable document at this time that would need to be on a privilege log.

### REQUEST FOR PRODUCTION NO. 27:   Produce any charts, graphs, or summaries which you may use during any deposition, as part of any evidentiary motion, or in connection with the trial of this case and, for each such chart, graph, or summary, produce the underlying materials from which the same was generated.

### SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 27:

Defendant objects to Request No. 27, as seeking documents that may be covered by the attorney-client or work product privileges.   To the best of Defendant City's knowledge, it is not withholding any responsive discoverable document at this time that would need to be on a privilege log.

### REQUEST FOR PRODUCTION NO. 28:   Produce any public records acquired by Defendant relating to Plaintiff, including but not limited to:

    A.     Records of insurance claims or lawsuits filed by or against Plaintiff;

    B.     Credit checks, credit histories, credit reports of Plaintiff, or records of garnishments or executions against Plaintiff;

    C.     Police arrest reports or police incident reports naming Plaintiff as a suspect,

arrestee, victim, or witness;

D.    Records of criminal charges naming Plaintiff, prosecutions of Plaintiff, plea agreements by Plaintiff, or criminal convictions of Plaintiff;

E.    Records of social security claims, disability claims, worker's compensation claims, or bankruptcies of Plaintiff;

F.    Oklahoma Employment Security Commission (OESC) records, including, but not limited to, recordings of hearings, pertaining to Plaintiff;

G.    Marital records, domestic action records, protective orders, or divorce records pertaining to Plaintiff;

H.    Educational records of Plaintiff;

I.    Medical or counseling records of Plaintiff.

## SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 28:

Defendant objects to Request No. 28, as seeking documents that may be covered by the attorney-client or work product privileges. To the best of Defendant City's knowledge, it is not withholding any responsive discoverable document at this time that would need to be on a privilege log.

**REQUEST FOR PRODUCTION NO. 32:** Produce any communications, citations, or instructions to Defendant from the DEQ for the time period of January 1, 2017 through the present regarding wastewater.

## SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 32:

Defendant objects to Request for Production No. 32 as overly broad, overly burdensome, not reasonably calculated to lead to admissible evidence, not sufficiently limited in time as requesting information prior to Ryan Wallace's administration and after Plaintiff's termination, and not proportional to the needs of the case. Without waiving and subject to said objections, see

16

documents already produced above for the period between the beginning of Ryan Wallace's administration and Plaintiff's termination. Defendant is withholding responsive documents from other requested periods pursuant to its objections above.

**REQUEST FOR PRODUCTION NO. 34:**  Produce any communications, citations, or instructions to Defendant from any governmental or regulatory agency for the time period of January 1, 2017 through the present regarding wastewater.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 34:**  See Responses to Requests No. 32 and 33. As in response to Request For Production No. 32, Defendant is withholding responsive documents from other requested periods pursuant to its objections above.

Respectfully submitted,

Jordan L. Miller, OBA No. 30892
Ambre C. Gooch, OBA No. 16586
COLLINS, ZORN & WAGNER, P.C.
429 N.E. 50th, Second Floor
Oklahoma City, OK  73105
Telephone: (405) 524-2070
Facsimile: (405) 524-2078
E-mail:  jlm@czwlaw.com
acg@czwlaw.com

ATTORNEY FOR DEFENDANT
CITY OF CRESCENT

17

## CERTIFICATE OF SERVICE

I hereby certify that on May 15, 2020 I sent the above and foregoing Defendant's Supplemental Responses to Plaintiff's First Request for Production of Documents electronically to:

D. Colby Addison, electronic mail at: colby@centerforemploymentlaw.com
Leah M. Roper, electronic mail at: leah@centerforemploymentlaw.com
The Center for Employment Law
1133 N. Portland Avenue
Oklahoma City, OK 73107
*Attorneys for Plaintiff*

_____
Jordan L. Miller

18